### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| JAMES L. WILLIAMS, <br> 1143 South Park Terrace <br> Chicago, IL 60605 <br><br> Plaintiff, <br><br> v. <br><br> CORELOGIC SAFERENT, LLC, <br> 7300 Westmore Road, Suite 3 <br> Rockville, MD 20850 (Montgomery County) <br><br> Serve: CSC-Lawyers Incorporating Service Co. <br> 7 St. Paul Street <br> Suite 280 <br> Baltimore, MD 21202 <br><br> Defendant. | Civil Case No. 8:16-cv-00058 |

### COMPLAINT

COMES NOW, the Plaintiff, James Williams, and for his Complaint against the Defendant, he states as follows:

### INTRODUCTION

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against the Defendant pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act or "FCRA").

2. Defendant is a consumer-reporting agency that compiles and maintains files on consumers on a nationwide basis. It maintains an extensive database of public records regarding

consumers. It then sells consumer reports generated from its database and furnishes these consumer reports to management companies and landlords who use the reports to make decisions regarding prospective tenants.

3.      Plaintiff applied to rent an apartment in Ellicott City, Maryland in January 2015. In connection with his application for the apartment, The Residences At Oella Mill ("Oella Mill") requested a consumer report from Defendant. The consumer report provided by Defendant to Oella Mill was grossly inaccurate and contained a criminal conviction that did not belong to Plaintiff. Specifically, Defendant inaccurately reported that Plaintiff was a convicted sex offender arising from a sexual act with a minor. As a result of this inaccurate report, Oella Mill denied Plaintiff the opportunity to rent an apartment for himself and his family. Accordingly, Plaintiff alleges a claim under 15 U.S.C. § 1681e(b), which required that Defendant use "reasonable procedures to assure maximum possible accuracy" in the publication of Plaintiff's consumer report.

4.      Plaintiff also alleges a claim under 15 U.S.C. § 1681g because Defendant selectively decides which information to provide to consumers that request copies of their consumer reports from Defendant. In this instance, Defendant misrepresented to Plaintiff that the sole source of the criminal public record information in his report was "Crimcheck America"—a company that does not even exist. Defendant withholds the source of the information in order to minimize compliance costs and consumer inquiries directed at it and its valued business partners who furnish the public records to Defendant. Defendant thus deprived Plaintiff of valuable congressionally mandated information and made it more difficult for Plaintiff to correct errors relating to the derogatory criminal public records erroneously attributed to him.

## JURISDICTION

5. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) and LR 501(4)(b)(i).

## PARTIES

7. Plaintiff is a natural person and a "consumer" as protected and governed by the FCRA.

8. Defendant CoreLogic SafeRent, LLC ("SafeRent" or "Defendant") is a Delaware limited liability company with a principal place of business in Rockville, MD.

9. Defendant sells tenant background checks on a wholesale basis. Consumers do not typically even know that the tenant screening report originated from Defendant.

10. Defendant is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

## FACTUAL ALLEGATIONS

11. In January 2015, Plaintiff applied to rent an apartment with Oella Mill. As part of this process, Plaintiff visited with representatives of Oella Mill and toured an ideal apartment for him and his family.

12. At this time, Oella Mill offered Plaintiff the apartment subject to a successful completion of a tenant screening, i.e., a background check.

13. On or around January 3, 2015, Defendant prepared a consumer report regarding Plaintiff and furnished the report to Oella Mill for a fee.

14. The consumer report sold by Defendant contained inaccurate and derogatory information relating to Plaintiff, including that Plaintiff was a convicted sex offender arising from a sexual act with a minor.

15. Upon information and belief, this inaccurate reporting was caused by Defendant's failure to follow reasonable procedures to assure the maximum possible accuracy in the preparation of the consumer reports it published and maintained regarding Plaintiff.

16. If Defendant had reasonable procedures (or any procedures whatsoever), it could have easily determined that the information in Plaintiff's consumer report belonged to another person with a similar name. Indeed, Plaintiff never lived or worked in the states where the criminal convictions occurred.

17. However, upon information and belief, despite multiple lawsuits and complaints notifying Defendant of the inadequacies of its procedures, Defendant continues to use lax thresholds and overly broad matching criteria to match public record data to the consumer reports that it furnishes to third parties.

18. After Plaintiff learned about the inaccurate and derogatory report, Plaintiff mailed a letter to Defendant in January 2015, which requested a complete copy of his credit file.

19. Defendant responded to Plaintiff's letter and provided him with a copy of his file on or around January 7, 2015.

20. In this report, Defendant falsely misrepresented and/or failed to provide the name of the source(s) of the inaccurate criminal public record information in Plaintiff's file.

21. Instead of clearly and accurately identifying all sources, Defendant's consumer disclosure identified "Crimcheck America" as the sole source of the information.

22. "Crimcheck America" could not have been the source of the information because it was no longer in business at the time the records first became publically available.

23. Upon information and belief, as a matter of common practice, Defendant obtains this public record information from an intermediary entity that resells its database to Defendant, but Defendant nevertheless identifies Crimcheck America as the sole source of the information in order to minimize compliance costs and consumer inquiries directed at it and its valued business partners who provide the records to Defendant.

24. This intermediary entity—the entity that furnished the information directly to Defendant—is a "source" as governed by the FCRA and, therefore, Defendant was required to clearly and accurately disclose this relationship.

25. Notwithstanding this reality, Defendant intentionally misrepresented and/or recklessly omitted the source of the information in Plaintiff's file.

26. At all times relevant hereto, Defendant's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, Defendant's conduct was willful because it was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that Defendant and other consumer reporting agencies have been subject to court decisions critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports and hiding information from consumers.

**COUNT I - FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**

27. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

28. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding the Plaintiff.

29. As a result of Defendant's conduct, Plaintiff suffered actual damages including but not limited to: denial of an ideal apartment for Plaintiff and his family, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

30. Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

31. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT TWO: FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681g

32. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

33. Defendant violated 15 U.S.C. §1681g by failing to clearly and accurately disclose to Plaintiff (and/or by falsely misrepresenting) the sources of the information within Plaintiff's file as explained herein.

34. Defendant's conduct, actions and inactions were willful, rendering Defendant

liable for statutory and punitive damages, as well as attorneys' fees and costs, in amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant as requested herein, for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

                                        Respectfully Submitted,
                                        **JAMES L. WILLIAMS**

                                        By:  */s/ Kristi C. Kelly*
                                                       Counsel

Kristi Cahoon Kelly, Esq. (No. 07244)
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-0167 - Facsimile
E-mail:  kkelly@kellyandcrandall.com

*Counsel for Plaintiff*