IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| James L. Williams | * |
|       Plaintiff(s) | * |
| | * |
|       vs. | *   Case No.: 8:16–cv–00058–PWG |
| | * |
| CoreLogic SafeRent, LLC. | * |
|       Defendant(s) | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CASE MANAGEMENT ORDER

Fed. R. Civ. P. 83(b) provides that "[a] judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." Pursuant to that authority, and in an effort to streamline proceedings, reduce unnecessary and costly motions practice, and "to secure the just, speedy, and inexpensive determination of every action and proceeding" before me, Fed. R. Civ. P. 1, this Standing Case Management Order (the "Case Management Order") shall govern in all proceedings assigned to me, until and unless expressly superseded. Although this Case Management Order places formal requirements on the manner in which cases shall proceed, it is intended only to more effectively channel the efforts of litigants and allocate the resources of the Court. Nothing herein is intended to modify or abridge any substantive rights of any litigant.

**A. Effective Date of Order**

1. This Case Management Order is effective upon filing as to any parties who already have appeared.

2. If this Case Management Order is entered *before* the summons and complaint have been served upon all Defendants, a copy of this Case Management Order shall be served upon any unserved Defendants simultaneously with the summons and complaint, in any manner authorized by Fed. R. Civ. P. 4(c).

3. If this Case Management Order is entered *after* the summons and complaint have been served upon all defendants, but before all defendants have appeared, Plaintiff shall serve a copy of this Case Management Order on all Defendants who have not yet appeared in a manner consistent with Fed. R. Civ. P. 5(b) and reasonably calculated to provide prompt, actual notice of this Case Management Order. Such service is to be effected within three (3) business days of entry of this Case Management Order, unless good cause is shown as to why service cannot be effected within that time.

4. With respect to parties who had not appeared at the time that this Case Management Order is entered upon the docket, this Case Management Order is effective immediately upon receipt. However, nothing herein is to be construed so as to penalize any party who violates the terms of this Case Management Order without having received actual notice of its contents. *See* Fed. R. Civ. P. 83(b).

**B. Motions Practice; Requirement for a Pre–Motion Conference**

1. **No motions may be filed without first seeking a pre–motion conference with the Court.** This limitation applies to any and all motions, including motions to dismiss filed in lieu of an answer.

2. A party wishing to file a motion may file a request for a pre–motion conference (a "Request"), which shall take the form of an informal letter to the Court, not to exceed three single–spaced pages, containing a brief description of the motion sought to be filed and a very brief summary of the particularized factual and legal support therefor. The Request shall contain sufficient information to demonstrate that it is premised on colorable, good–faith arguments and is not frivolous or brought for any improper purpose, Fed. R. Civ. P. 11, but need not contain more.

3. No response to a Request is necessary or shall be permitted.

4. The timely filing of a Request, within the time period to file the underlying motion to which it relates, will toll the time to file such motion until fifteen (15) days after the Request is resolved; no motion for an extension is necessary. In the event that a Request seeks to file a pre–answer motion to dismiss, this provision also will apply, and the time to answer provided in Fed. R. Civ. P. 12(a) will be tolled.

5. Upon receipt of a Request, the Court promptly will schedule a telephonic Pre–Motion Conference with all parties.

6. Except as provided herein, all filings must comply with the Local Rules of this Court, and particularly with Loc. R. 105.2(c), covering cross–motions for summary judgment, Loc. R. 105.3, providing for page limits, and Loc. R. 105.4, providing for tables of contents in lengthy memoranda.

7. Notwithstanding Local Rule 105.3, no memorandum or brief in support of a motion or in opposition thereto shall exceed thirty (30) pages, nor shall any reply memorandum or brief exceed fifteen (15) pages, exclusive of exhibits and tables, without prior approval from the Court. Approval to exceed the page limit must be sought during the Pre–Motion Conference. If any memorandum or brief exceeds twenty–five (25) pages, it shall include an executive summary of not more than one–tenth the total number of pages that lists, in short, narrative form, the principal arguments advanced and the key authorities in support.

**C. Procedures for Summary Judgment Motions**

1. In the event that any or multiple parties file motions for summary judgment pursuant to Fed. R. Civ. P. 56, all parties shall cooperate to compile a joint statement of facts that are not disputed for the purposes of summary judgment. Such facts should be submitted in a Joint Statement of Undisputed Facts and need not––and should not––be supported with additional documentary evidence. The parties may stipulate to facts, or to the authenticity, relevance, or admissibility of particular documents, for the purposes of summary judgment without prejudice to their ability to dispute such facts in good faith at later proceedings.

2. With respect to all other evidence to be considered on summary judgment, the parties must submit a single, consolidated record (the "Joint Record"), as follows:

    a. The party filing first shall compile any exhibits needed to support its position. All exhibits shall be provided in a clear format that includes the complete document, rather than an excerpt. All deposition transcripts shall be provided in their entirety in "minuscript" (four transcript pages per printed page) format, and the cited portions shall be highlighted in a manner that allows both the highlighting and the highlighted text to be clear and easily seen as filed. Any lengthy documents (more than ten (10) pages) of which only certain portions are relevant shall be highlighted similarly. If only a *de minimis* portion of a document or deposition is necessary, the parties may seek permission to file only the relevant portion.

    b. All exhibits must be produced in a clear, legible format. Photographic or photocopied exhibits must be included in their original format (color or black–and–white) and in sufficient quality and resolution that their contents are reasonably clear. Any documents that cannot be printed on standard 8.5"x11" paper must, to the extent possible, be placed in a folder or securely affixed to a page of paper or cardstock that is 8.5"x11".

    c. The initial movant's exhibits shall be tabbed and each page shall be consecutively numbered (such as with a Bates stamp or equivalent method) so that, for example, the first page of exhibit two will bear the number immediately following the number of the last page in exhibit one, and so forth for all the exhibits. No exhibits need be filed with the court with the filing of the initial motion, but the exhibits shall be provided to the opposing party in a manner that allows them to cite to the exhibit and Bates numbers used by the movant. All citations shall be to both the relevant exhibit and Bates number

(referencing the page number of the combined exhibits, not the page number of, for example, a multi–page exhibit that itself was numbered). The only exception will apply to citations to deposition transcripts where there are multiple pages of transcript on a single exhibit page. Depositions will be cited "Deposition of ___, transcript page __:line __, exhibit __, at Bates number __."

d. The respondent/cross–movant shall not provide duplicates of any of the initial movant's exhibits but, to the extent necessary, shall cite to those same exhibits by exhibit and Bates number. To the extent practicable, the respondent/cross–movant shall ensure that relevant portions of depositions or lengthy documents are highlighted even if those exhibits originally were provided by movant.

e. If the respondent/cross–movant seeks to rely upon additional exhibits, or to submit any other materials such as an affidavit pursuant to Fed. R. Civ. P. 56(d), it shall do so in the same format as provided in paragraphs 2.a–c above. Respondent/cross–movant shall begin numbering its exhibits and its pages where movant's exhibits/pages left off. For example, if movant provides fifteen exhibits, numbered 1–15, and comprising pages 1–200, respondent/cross–movant should begin with exhibit 16, and the first page should be numbered 201.

f. The same procedure shall be followed for exhibits relevant to subsequently filed memoranda, such as a reply or, if permitted by the Court, surreply memorandum.

g. If a party believes that it requires additional facts to oppose summary judgment pursuant to Fed. R. Civ. P. 56(d), it shall state those facts with particularity in an affidavit and include that affidavit as an exhibit in the Joint Record.

h. Any objections to an exhibit shall be stated, in 250 words or less, on a cover page to that exhibit. "Under Fed. R. Civ. P. 56, as amended in 2010, facts in support of or opposition to a motion for summary judgment need not **be** in admissible form; the requirement is that the party identify facts that **could be** put in admissible form." *Mallik v. Sebelius*, 964 F. Supp. 2d 531, 546 (D. Md. 2013). Accordingly, the mere fact that a document is inadmissible in its current form is not a valid objection. Similarly, objections to the contents or credibility should not be made unless they have a nonfrivolous basis. The party offering an exhibit may respond to the objection in 250 words or less, on the same cover page. However, an objection to an adversary's exhibit is not a basis for excluding any document from the Joint Record.

      i. Within seven (7) days of the filing of the final memorandum, the parties jointly shall file the Joint Record, both electronically and in hard copy in a single, bound volume (or, if necessary, multiple, numbered volumes). Notwithstanding Loc. R. 105.5, all exhibits shall be tabbed and indexed, and shall be bound along the left side either in a three–ring binder or by any other secure means of binding that does not have protruding elements such as spiral binding.

**D. Procedures for All Other Substantive Motions with Exhibits**

    Exhibits filed in support of any other motion, including a motion to dismiss, shall be filed in accordance with the procedures governing the filing of exhibits to be considered on summary judgment.

Dated: <u>February 18, 2016</u>                                    /s/           
                                                      Paul W. Grimm
                                                      United States District Judge