**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| **JAMES L. WILLIAMS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Civil Action 8:16-cv-00058-PWG** |
| | ) |
| **CORELOGIC SAFERENT, LLC,** | ) |
| | ) |
|     **Defendant.** | ) |

**DEFENDANT CORELOGIC SAFERENT, LLC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, CoreLogic SafeRent, LLC ("SafeRent"), through its counsel, submits the following Answer to Plaintiff's Complaint. SafeRent denies all allegations in the Complaint that it does not expressly admit in this Answer. SafeRent further denies that it willfully or negligently violated any law, either individually, or collectively with any other individual or entity. SafeRent responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

**INTRODUCTION**

1.    SafeRent admits that Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* SafeRent denies the remaining allegations of paragraph 1 of the Complaint.

2.    SafeRent admits that under certain circumstances it transmits public record information to landlords regarding prospective tenants. The remaining allegations in paragraph 2 state legal conclusions that are not subject to denial or admission. To the extent a response is necessary, SafeRent denies the remaining allegations of paragraph 2 of the Complaint.

3.     The allegations in paragraph 3 of the Complaint refer principally to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document. The allegations referring to the procedures used by SafeRent are denied.  SafeRent lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and, therefore, denies the same.

4.     The allegations in paragraph 4 of the Complaint are denied.

## JURISDICTION

5.     The allegations in paragraph 5 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 5 are contrary to law, they are denied.

6.     The allegations in paragraph 6 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 6 are contrary to law, they are denied.

## PARTIES

7.     The allegations in paragraph 7 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 7 are contrary to law, they are denied.

8.     SafeRent admits the allegations contained in paragraph 8 of the Complaint.

9.     SafeRent denies the allegations in paragraph 9 of the Complaint.

10.     The allegations in paragraph 10 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 10 are contrary to law, they are denied.

## **FACTUAL ALLEGATIONS**

11.     SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies the same.

12.     SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies the same.

13.     The allegations in paragraph 13 of the Complaint refer to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document.

14.     The allegations in paragraph 14 of the Complaint refer to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document.

15.     SafeRent denies the allegations in paragraph 15 of the Complaint.

16.     SafeRent denies the allegations in paragraph 16 of the Complaint.

17.     SafeRent denies the allegations in paragraph 17 of the Complaint.

18.     SafeRent denies the allegations in paragraph 18 of the Complaint.

19.     SafeRent denies the allegations in paragraph 19 of the Complaint.

20.     SafeRent denies the allegations in paragraph 20 of the Complaint.

21.     SafeRent denies the allegations in paragraph 21 of the Complaint.

22.     SafeRent denies the allegations in paragraph 22 of the Complaint.

23.     SafeRent denies the allegations in paragraph 23 of the Complaint.

24.     The allegations in paragraph 24 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is necessary, SafeRent denies the allegations of paragraph 24 of the Complaint.

25.     SafeRent denies the allegations in paragraph 25 of the Complaint.

26.     SafeRent denies the allegations in paragraph 26 of the Complaint.

**CLAIM I – FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**

27.     SafeRent repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

28.     SafeRent denies the allegations contained in paragraph 28 of the Complaint.

29.     SafeRent denies the allegations contained in paragraph 29 of the Complaint.

30.     SafeRent denies the allegations contained in paragraph 30 of the Complaint.

31.     SafeRent denies the allegations contained in paragraph 31 of the Complaint.

**CLAIM II – FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681g**

32.     SafeRent repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

33.     SafeRent denies the allegations contained in paragraph 33 of the Complaint.

34.     SafeRent denies the allegations contained in paragraph 34 of the Complaint.

35.     SafeRent denies that Plaintiff may recover any of the requested relief.

**AFFIRMATIVE DEFENSES**

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that SafeRent bears the burden of proof as to any of them, SafeRent asserts the following defenses.  SafeRent intends to rely on any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

## FIRST ADDITIONAL DEFENSE

The Complaint herein, and each cause of action thereof, fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from SafeRent.

## SECOND ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that they are barred because all information SafeRent communicated to any third person regarding Plaintiff was true.

## THIRD ADDITIONAL DEFENSE

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail himself of the rights he claims under the FCRA.  Plaintiff's alleged damages, if any, are speculative or uncertain and therefore not compensable.

## FOURTH ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, SafeRent acted in good faith and complied fully with the FCRA and relevant state laws.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which SafeRent continues to deny, were the result of acts or omissions of third persons over whom SafeRent had neither control nor responsibility.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others over whom SafeRent had neither control nor responsibility.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to protect himself from damages, if any, or failed to mitigate his alleged damages.

## NINTH ADDITIONAL DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against SafeRent, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages.  SafeRent is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## TENTH ADDITIONAL DEFENSE

SafeRent reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER

WHEREFORE, SafeRent requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Enter judgment in favor of SafeRent;

3. Award SafeRent its attorneys' fees and costs of suit incurred in defending against the Complaint; and

4. Award SafeRent such other relief the Court deems appropriate.

**CORELOGIC SAFERENT, LLC**


By: <u>/s/ S. Mohsin Reza</u>
     S. Mohsin Reza (Bar No. 19015)
     mohsin.reza@troutmansanders.com
     TROUTMAN SANDERS LLP
     1850 Towers Crescent Plaza, Suite 500
     Tysons Corner, Virginia 22182
     Telephone:  (703) 734-4334
     Facsimile:  (703) 734-4340

     *Counsel for CoreLogic SafeRent, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of March, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Kristi Cahoon Kelly, Esq.
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
Telephone: (703) 424-7576
Facsimile: (703) 591-0167
Email: kkelly@kellyandccrandall.com

*Counsel for Plaintiff*

By:/s/ S. Mohsin Reza
    S. Mohsin Reza (Bar No. 19015)
    mohsin.reza@troutmansanders.com
    TROUTMAN SANDERS LLP
    1850 Towers Crescent Plaza, Suite 500
    Tysons Corner, Virginia 22182
    Telephone:  (703) 734-4334
    Facsimile:  (703) 734-4340

    *Counsel for CoreLogic SafeRent, LLC*