**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| **JAMES L. WILLIAMS**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action 8:16-cv-00058-PWG** |
| | ) | |
| **CORELOGIC SAFERENT, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT CORELOGIC SAFERENT, LLC'S**
**ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, CoreLogic SafeRent, LLC ("SafeRent"), through its counsel, submits the following Answer to Plaintiffs' First Amended Class Action Complaint ("Amended Complaint"). SafeRent denies all allegations in the Amended Complaint that it does not expressly admit in this Answer. SafeRent further denies that it willfully or negligently violated any law, either individually, or collectively with any other individual or entity. SafeRent responds to the specific allegations in the enumerated paragraphs in the Amended Complaint as follows:

**<u>INTRODUCTION</u>**

1.      SafeRent admits that Plaintiffs purport to bring a putative class action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* SafeRent denies the remaining allegations of paragraph 1 of the Amended Complaint.

2.      SafeRent admits that under certain circumstances it transmits certain types of public record information to landlords regarding prospective tenants. The remaining allegations in paragraph 2 state legal conclusions that are not subject to denial or admission. To the extent a

response is necessary, SafeRent denies the remaining allegations of paragraph 2 of the Amended Complaint.

3.      The allegations in paragraph 3 of the Amended Complaint refer principally to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document. The allegations referring to the procedures used by SafeRent are denied.  SafeRent lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Amended Complaint and, therefore, denies the same.

4.      The allegations in paragraph 4 of the Amended Complaint refer principally to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document. The allegations referring to the procedures used by SafeRent are denied.  SafeRent lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Amended Complaint and, therefore, denies the same.

5.      SafeRent admits that Plaintiff Hernandez purports to bring a claim pursuant to 15 U.S.C. § 1681i.   SafeRent denies the remaining allegations of paragraph 5 of the Amended Complaint.

6.      SafeRent admits that Plaintiff Hernandez and Plaintiff Williams purport to bring a claim pursuant to 15 U.S.C. § 1681g(a).  SafeRent denies the remaining allegations in paragraph 6 of the Amended Complaint.

7.      SafeRent denies the allegations in paragraph 7 of the Amended Complaint.

**JURISDICTION**

8.      The allegations in paragraph 8 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 8 are contrary to law, they are denied.

9.      The allegations in paragraph 9 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 9 are contrary to law, they are denied.

**PARTIES**

10.      The allegations in paragraph 10 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 10 are contrary to law, they are denied.

11.      SafeRent admits the allegations contained in paragraph 11 of the Complaint.

12.      The allegations in paragraph 12 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 12are contrary to law, they are denied.  SafeRent denies the remaining allegations in paragraph 12 of the Amended Complaint.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF WILLIAMS**

13.      SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint and, therefore, denies the same.

14.      SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint and, therefore, denies the same.

15.      The allegations in paragraph 15 of the Amended Complaint refer to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document.

16.      The allegations in paragraph 16 of the Complaint refer to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document.

17.     SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint and, therefore, denies the same.

18.     SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint and, therefore, denies the same.

19.     The allegations in paragraph 19 of the Amended Complaint refer to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document.

20.     SafeRent denies the allegations in paragraph 20 of the Amended Complaint.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF HERNANDEZ

21.     SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint and, therefore, denies the same.

22.     SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint and, therefore, denies the same.

23.     SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint and, therefore, denies the same.

24.     The allegations in paragraph 24 of the Amended Complaint refer to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document.

25.     The allegations in paragraph 25 of the Amended Complaint refer to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document.

26.     SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint and, therefore, denies the same.

27.     SafeRent denies the allegations contained in paragraph 27 of the Amended Complaint.

28.     SafeRent denies the allegations contained in paragraph 28 of the Amended Complaint.

29.     SafeRent denies the allegations contained in paragraph 29 of the Amended Complaint.

30.     The allegations in paragraph 30 of the Amended Complaint refer to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document.

31.     The allegations in paragraph 31 of the Amended Complaint refer to documents, which speak for themselves.  SafeRent denies any allegations that are inconsistent with the documents.

32.     SafeRent admits that it was previously contacted by Plaintiff Hernandez for the purpose of requesting a copy of his consumer file.  SafeRent denies the remaining allegations in paragraph 32 of the Amended Complaint.

33.     The allegations in paragraph 33 of the Amended Complaint refer to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document.

34.     SafeRent admits that Plaintiff Hernandez contacted SafeRent to dispute a record appearing on his tenant screening report.  SafeRent denies the remaining allegations in paragraph 34 of the Amended Complaint.

35.     The allegations in paragraph 35 of the Amended Complaint refer principally to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document.

36.     SafeRent denies the allegations in paragraph 36 of the Amended Complaint.

37.     SafeRent denies the allegations in paragraph 37 of the Amended Complaint.

38.     SafeRent denies the allegations in paragraph 38 of the Amended Complaint.

39.     SafeRent denies the allegations in paragraph 39 of the Amended Complaint.

## FACTUAL ALLEGATIONS RELATING TO BOTH PLAINTIFFS WILLIAMS AND HERNANDEZ

40.     The allegations in paragraph 40 of the Amended Complaint refer to documents, which speak for themselves.  SafeRent denies any allegations that are inconsistent with the documents.

41.     SafeRent admits that "Crimcheck America" is not a separate entity from SafeRent.  The remaining allegations in paragraph 41 of the Amended Complaint refer to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document.

42.     SafeRent denies the allegations in paragraph 42 of the Amended Complaint.

43.     SafeRent admits that under certain circumstances it obtains public record information from governmental agencies and that such public record information can be included in tenant screening reports.  SafeRent denies the remaining allegations in paragraph 43 of the Amended Complaint.

44.     SafeRent denies the allegations in paragraph 44 of the Amended Complaint.

45.     SafeRent denies the allegations in paragraph 45 of the Amended Complaint.

46.     SafeRent admits that Plaintiff Williams sent a consumer disclosure request to SafeRent in January 2015, and Plaintiff Hernandez sent a consumer disclosure request to SafeRent in January 2016.  SafeRent timely responded to the consumer disclosure requests.

47.     The allegations in paragraph 47 of the Amended Complaint refer to documents, which speak for themselves.   SafeRent denies any allegations that are inconsistent with the documents.

48.     The allegations in paragraph 48 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 48 are contrary to law, they are denied.

49.     SafeRent denies the allegations in paragraph 49 of the Amended Complaint.

50.     SafeRent denies the allegations in paragraph 50 of the Amended Complaint.

51.     SafeRent denies the allegations in paragraph 51 of the Amended Complaint.

52.     SafeRent denies the allegations in paragraph 52 of the Amended Complaint.

53.     The allegations in paragraph 53 of the Amended Complaint refer to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document and any mischaracterization of its "policy."

54.     The allegations in paragraph 54 of the Amended Complaint refer to documents, which speak for themselves.   SafeRent denies any allegations that are inconsistent with the documents.   SafeRent denies the remaining allegations in paragraph 54 of the Amended Complaint.

55.     The allegations in paragraph 55 of the Amended Complaint refer principally to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the

document.   SafeRent denies the remaining allegations in paragraph 55 of the Amended Complaint.

56.    The allegations in paragraph 56 of the Amended Complaint refer to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document. SafeRent denies the remaining allegations in paragraph 56 of the Amended Complaint.

57.    SafeRent denies the allegations in paragraph 57 of the Amended Complaint.

58.    SafeRent denies the allegations in paragraph 58 of the Amended Complaint.

59.    SafeRent admits that it has previously been sued for alleged violations of the FCRA.  SafeRent denies any liability related to any previous lawsuits, none of which have resulted in a judgment against SafeRent or are relevant to this action.   SafeRent denies the remaining allegation in paragraph 59 of the Amended Complaint.

60.    SafeRent denies the allegations in paragraph 60 of the Amended Complaint.

61.    The allegations in paragraph 61 of the Amended Complaint refer to documents, which speak for themselves.   SafeRent denies any allegations that are inconsistent with the documents.   SafeRent denies the remaining allegations in paragraph 61 of the Amended Complaint.

62.    SafeRent denies the allegations in paragraph 62 of the Amended Complaint.

63.    SafeRent denies the allegations in paragraph 63 of the Amended Complaint.

64.    SafeRent denies the allegations in paragraph 64 of the Amended Complaint.

65.    SafeRent denies the allegations in paragraph 65 of the Amended Complaint.

66.    SafeRent denies the allegations in paragraph 66 of the Amended Complaint.

67.    SafeRent denies the allegations in paragraph 67 of the Amended Complaint.

68.    SafeRent denies the allegations in paragraph 68 of the Amended Complaint.

69.     The allegations in paragraph 69 of the Amended Complaint refer to documents, which speak for themselves.  SafeRent denies any allegations that are inconsistent with the documents and denies that any of the authority cited supports liability in this action.  SafeRent denies the remaining allegations in paragraph 69 of the Amended Complaint.

70.     The allegations in paragraph 70 of the Amended Complaint refer to unidentified documents, which speak for themselves.  SafeRent denies any allegations that are inconsistent with the documents.  SafeRent denies any remaining allegations of paragraph 70 of the Amended Complaint.

71.     The allegations in paragraph 71 of the Amended Complaint refer to a document, which speaks for itself.  SafeRent denies any allegations that are inconsistent with the document. SafeRent denies any remaining allegations of paragraph 71 of the Amended Complaint.

72.     SafeRent denies the allegations in paragraph 72 of the Amended Complaint.

73.     SafeRent denies the allegations in paragraph 73 of the Amended Complaint.

74.     The allegations in paragraph 74 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 74 are contrary to law, they are denied.

75.     SafeRent denies the allegations in paragraph 75 of the Amended Complaint.

76.     SafeRent denies the allegations in paragraph 76 of the Amended Complaint.

77.     SafeRent denies the allegations in paragraph 77 of the Amended Complaint.

78.     SafeRent denies the allegations in paragraph 78 of the Amended Complaint.

79.     SafeRent denies the allegations in paragraph 79 of the Amended Complaint.

80.     SafeRent denies the allegations in paragraph 80 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

81.     SafeRent admits that Plaintiffs purport to bring this claim on behalf of a class. SafeRent further admits that Plaintiffs purport to define the class as stated in paragraph 81 of the Amended Complaint.  SafeRent denies that this matter may be properly maintained against it as a class action as defined in paragraph 81 or otherwise.  SafeRent denies the remaining allegations in paragraph 81.

82.     SafeRent admits that Plaintiff Hernandez purports to bring this claim on behalf of two classes.  SafeRent further admits that Plaintiff Hernandez purports to define the classes as stated in paragraph 82 of the Amended Complaint.  SafeRent denies that this matter may be properly maintained against it as a class action as defined in paragraph 82 or otherwise. SafeRent denies the remaining allegations in paragraph 82.

83.     Plaintiffs' claim that the requirements of Fed. R. Civ. P. 23(b)(3) are present and satisfied is a legal conclusion, which is not subject to admission or denial.  SafeRent denies that that this matter may properly be maintained against SafeRent as a class action.  SafeRent denies the remaining allegations contained in paragraph 83 of the Amended Complaint.

84.     Plaintiffs' claim that the numerosity requirement of Rule 23(a) is present and satisfied is a legal conclusion, which is not subject to admission or denial.  SafeRent denies that that this matter may properly be maintained against SafeRent as a class action.  SafeRent denies the remaining allegations contained in paragraph 84 of the Amended Complaint.

85.     Plaintiffs' claim that the commonality requirement of Rule 23(a) is present and satisfied is a legal conclusion, which is not subject to admission or denial.  SafeRent denies that that this matter may properly be maintained against SafeRent as a class action.  SafeRent denies the remaining allegations contained in paragraph 85 of the Amended Complaint.

86.     Plaintiffs' claim that the typicality requirement of Rule 23(a) is present and satisfied is a legal conclusion, which is not subject to admission or denial.  SafeRent denies that that this matter may properly be maintained against SafeRent as a class action.  SafeRent denies the remaining allegations contained in paragraph 86 of the Amended Complaint.

87.     Plaintiffs' claim that the adequacy requirement of Rule 23(a) is present and satisfied is a legal conclusion, which is not subject to admission or denial.  SafeRent denies that that this matter may properly be maintained against SafeRent as a class action.  SafeRent denies the remaining allegations contained in paragraph 87 of the Amended Complaint.

88.     Plaintiffs' claim that class certification is appropriate under Rule 23(b)(3) is a legal conclusion, which is not subject to admission or denial.  SafeRent denies that that this matter may properly be maintained against SafeRent as a class action.  SafeRent denies the remaining allegations contained in paragraph 88 of the Amended Complaint.

## CLAIM I – FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)

89.     SafeRent repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

90.     SafeRent denies the allegations contained in paragraph 90 of the Amended Complaint.

91.     SafeRent denies the allegations contained in paragraph 91 of the Amended Complaint.

92.     SafeRent denies the allegations contained in paragraph 92 of the Amended Complaint.

93.     SafeRent denies the allegations contained in paragraph 93 of the Amended Complaint.

## CLAIM II – FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681g

94.     SafeRent repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

95.     SafeRent denies the allegations contained in paragraph 95 of the Amended Complaint.

96.     SafeRent denies the allegations contained in paragraph 96 of the Amended Complaint.

97.     SafeRent denies the allegations contained in paragraph 97 of the Amended Complaint.

## CLAIM III – FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681(e)(b)

98.     SafeRent repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

99.     SafeRent denies the allegations contained in paragraph 99 of the Amended Complaint.

100.     SafeRent denies the allegations contained in paragraph 100 of the Amended Complaint.

## CLAIM IV – FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i

101.     SafeRent repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

102.     SafeRent denies the allegations contained in paragraph 102 of the Amended Complaint.

103.    SafeRent denies the allegations contained in paragraph 103 of the Amended Complaint.

104.    SafeRent denies that Plaintiffs may recover any of the requested relief.

105.    SafeRent denies any allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Amended Complaint, and without admitting or acknowledging that SafeRent bears the burden of proof as to any of them, SafeRent asserts the following defenses. SafeRent intends to rely on any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

## FIRST ADDITIONAL DEFENSE

The Amended Complaint herein, and each cause of action thereof, fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted, and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief from SafeRent.

## SECOND ADDITIONAL DEFENSE

Plaintiffs' claims fail to the extent that they are barred because all information SafeRent communicated to any third person regarding Plaintiffs was true.

## THIRD ADDITIONAL DEFENSE

The Amended Complaint fails to the extent that Plaintiffs lack standing or have not taken action necessary to avail themselves of the rights they claim under the FCRA. The alleged damages, if any, are speculative or uncertain and therefore not compensable.

## FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims fail to the extent that, at all relevant times with respect to Plaintiffs, SafeRent acted in good faith and complied fully with the FCRA and relevant state laws.

## FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages, which SafeRent continues to deny, were the result of acts or omissions of third persons over whom SafeRent had neither control nor responsibility.

## SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages were the direct and proximate result of the conduct of Plaintiffs or others over whom SafeRent had neither control nor responsibility.

## SEVENTH ADDITIONAL DEFENSE

Plaintiffs' claim for punitive damages fails to the extent that the Amended Complaint states no facts in support of a claim for punitive damages.

## EIGHTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to protect themselves from damages, if any, or failed to mitigate his alleged damages.

## NINTH ADDITIONAL DEFENSE

Any recovery Plaintiffs receive is subject to a set off if any damages are awarded against SafeRent, in the amount of any damages or settlement amounts recovered by Plaintiffs with respect to the same alleged damages.  SafeRent is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

## TENTH ADDITIONAL DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of putative class members; Plaintiffs and their counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties in any attempt to proceed as a class action.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiffs and the putative class members cannot recover from SafeRent as a class action to the extent to which such class recovery would deprive SafeRent of its due process rights to assert individualized defenses to claims of class members.

## TWELFTH ADDITIONAL DEFENSE

Plaintiffs cannot recover from SafeRent individually or as a class action for punitive or statutory damages to the extent any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiffs and the gross disparity between the allegations of harm and the size of the claim.

## THIRTEENTH ADDITIONAL DEFENSE

SafeRent reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER

WHEREFORE, SafeRent requests that this Court:

1. Dismiss Plaintiffs' Amended Complaint with prejudice;

2. Enter judgment in favor of SafeRent;

3. Award SafeRent its attorneys' fees and costs of suit incurred in defending against the Complaint; and

4. Award SafeRent such other relief the Court deems appropriate.

**CORELOGIC SAFERENT, LLC**


By: /s/ Timothy J. St. George
      S. Mohsin Reza (Bar No. 19015)
      mohsin.reza@troutmansanders.com
      TROUTMAN SANDERS LLP
      1850 Towers Crescent Plaza, Suite 500
      Tysons Corner, Virginia 22182
      Telephone:  (703) 734-4334
      Facsimile:  (703) 734-4340

      Ronald I. Raether, Jr.
      *Admitted Pro Hac Vice*
      ronald.raether@troutmansanders.com
      TROUTMAN SANDERS LLP
      5 Park Plaza Ste 1400
      Irvine, CA 92614
      Telephone: (949) 622-2722
      Facsimile: (949) 622-2739

      Timothy J. St. George
      *Admitted Pro Hac Vice*
      tim.stgeorge@troutmansanders.com
      TROUTMAN SANDERS LLP
      1001 Haxall Point
      Richmond, VA 23219
      Telephone: (804) 697-1254
      Facsimile: (804) 698-6013

      *Counsel for CoreLogic SafeRent, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

> Kristi Cahoon Kelly, Esq.
> Kelly & Crandall, PLC
> 4084 University Drive, Suite 202A
> Fairfax, Virginia 22030
> Telephone: (703) 424-7576
> Facsimile: (703) 591-0167
> Email: kkelly@kellyandccrandall.com
>
> *Counsel for Plaintiff*

> By:/s/ Timothy J. St. George
> Timothy J. St. George (Bar No. 77349)
> tim.stgeorge@troutmansanders.com
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> Richmond, VA 23219
> Telephone:  (804) 697.1254
> Facsimile:  (804) 698.1300
>
> *Counsel for CoreLogic SafeRent, LLC*