SYED MOHSIN REZA
703.734.4351 telephone
703.448.6510 facsimile
mohsin.reza@troutmansanders.com

TROUTMAN SANDERS LLP
Attorneys at Law
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia  22182
703.734.4334 telephone
troutmansanders.com



June 2, 2016

**VIA CM/ECF**
Hon. Paula Xinis
United States District Judge
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    **James L. Williams, *et al.* v. CoreLogic SafeRent, LLC, No. 8:16-cv-58-PX**
              **CoreLogic SafeRent, LLC's Request for a Pre-Motion Conference**

Dear Judge Xinis:

    Defendant, CoreLogic SafeRent, LLC ("SafeRent") by counsel, submits this Request for a Pre-Motion Conference on a proposed Motion to Dismiss Claim II of Plaintiffs' First Amended Class Action Complaint ("Amended Complaint"); and a Motion to Strike Plaintiffs' related "File Disclosure Class" in light of the Supreme Court's May 16, 2016 decision in *Spokeo, Inc. v. Robins*, No. 13-1339, 2016 U.S. LEXIS 3046 (2016).

    **I.**    **Proposed Motion to Dismiss Claim II of the Amended Complaint**

    In *Spokeo*, the Supreme Court held that "a bare procedural violation, divorced from any concrete harm," is insufficient to support Article III standing under the Fair Credit Reporting Act ("FCRA") at the Rule 12 stage. *Id*. Instead, "a 'concrete' injury must be '*de facto*'; that is, it must actually exist" in a "'real,' and not 'abstract'" sense. *Id.* at *14. The injury must also be "particularized," meaning that "it 'must affect the plaintiff in a personal and individual way.'" 2016 U.S. LEXIS 3046, at *13. *Spokeo* confirms that the named Plaintiffs lack standing with respect to their purely "procedural" claims in Claim II under 15 U.S.C. § 1681g(a), as Plaintiffs do not allege any concrete harm stemming from the alleged violations of the FCRA. Accordingly, SafeRent seeks leave to file a Motion to Dismiss Claim II of Plaintiffs' Amended Complaint.

    In Claim II, Plaintiffs allege exactly the type of "bare procedural violation" that *Spokeo* found insufficient to satisfy Article III. *Spokeo,* 2016 U.S. LEXIS 3046, at *10. Plaintiffs allege that SafeRent failed to disclose the "sources" of the criminal records contained in their file as required by 15 U.S.C. § 1681g(a)(2) because the name "Crimcheck America" appeared at the top of one page of each of their file disclosures (which Plaintiffs allege is a former dba of SafeRent)

as a "source" of criminal records.  (*See* Am. Compl. ¶ 40-57; 94-97.)  SafeRent denies that the facts alleged give rise to a FCRA violation.

However, the claim is fatally flawed under *Spokeo* because neither Plaintiff alleges ***any*** "harm" caused by the appearance of the trade name "Crimcheck America."  Both Plaintiffs claim that SafeRent improperly "matched" criminal records to them that were associated with other individuals.[1]  (Am. Compl. ¶¶ 17-18; 25-28.)  Plaintiffs allege that they contacted SafeRent to obtain file disclosures pursuant to 15 U.S.C. § 1681g, and that they then contacted SafeRent again to dispute certain information contained in these disclosures.  As the facts pled by Plaintiffs demonstrate, there was no confusion, let alone "concrete harm" by including the name "Crimcheck America" on one page of the file disclosure.

In sum, Plaintiffs' claims under Claim II are precisely the type of bare procedural violation, divorced from any concrete or particularized harm, that are insufficient for standing under *Spokeo*.  They must be dismissed.

### II.     Proposed Motion to Strike Plaintiffs' "File Disclosure Class"

"A class cannot be certified if it contains members who lack standing."  *Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 779 (8th Cir. 2013).  And, "[w]here the inability to maintain the suit as a class action is apparent from the face of the complaint, a court may dismiss the class allegations on the pleadings."  *Carter v. Allstate Ins. Co.*, 2012 U.S. Dist. LEXIS 117288, at *20 (N.D. W.Va. Aug. 21, 2012).  Even assuming that the "source" claim of either named Plaintiff could survive, SafeRent further seeks permission to file a Motion to Strike Plaintiffs' "File Disclosure Class," (Am. Compl. ¶ 81), which is also based on § 1681g(a)(2).

Plaintiffs' proposed class consists of "[a]ll individuals who requested their consumer file from [SafeRent] . . . and whose reports indicate that any of the results contained therein are from a 'Search Report by Crimcheck America.'"  That class definition is facially overbroad and would include innumerable class members who lack standing to assert a claim under § 1681g(a)(2).  For example, the definition would include individuals whose disclosure would identify Crimcheck America even when no criminal records were reported or where the criminal records were accurate.  As stated in the Amended Complaint, 15 U.S.C. § 1681g(a)(2) is intended to provide consumers with information to aid them "to correct errors relating to the derogatory criminal public records erroneously attributed to them."  (*See* Am. Compl. ¶ 7.)  There can be no claim of harm, let alone "concrete" injury, for these individuals.

Moreover, even if either named Plaintiff had standing to bring this action, there is no possible method to prove that each putative class member suffered a particularized and concrete harm of the type sought to be remedied by § 1681g(a)(2).  To use but one example, a class member may have requested a copy of their consumer file for a myriad of reasons having

---

[1] SafeRent denies this allegation, and denies that it has any liability under 15 U.S.C. § 1681e(b), as alleged in Claims I and III.

Page 3

nothing to do with the criminal record portion of the report. For instance, SafeRent's tenant screening reports contain sections that are unrelated to the applicant's criminal history and that do not reflect the Crimcheck America trade name (*e.g.*, a credit history section). Likewise, a consumer may have desired to see the criminal history section with respect to records that were accurate or where there were no records at all. Simple curiosity could have animated the file request. The list could go on.

Accordingly, there are untold numbers of class members for whom Plaintiffs seek to pursue a "source" claim even though they did not suffer the concrete or particularized harm required by Article III. Thus, the analysis of whether any putative class member suffered any concrete injury-in-fact, as required by *Spokeo*, would require an individualized review,[2] thus eroding the core precepts of Rule 23.

Sincerely,

/s/ S. Mohsin Reza
S. Mohsin Reza

cc:    Counsel of Record (via CM/ECF)

---

[2] The need under Article III to inquire into whether any "harm" was suffered by each of the class members is consistent with the mandates of the Fourth Circuit for FCRA claims seeking statutory damages (as the class does here), as well as with due process. *See Soutter v. Equifax Info Services,* 2012 U.S. App. LEXIS 24891, at *9 (4th Cir. Dec. 3, 2012) ("[E]vidence about particular class members is highly relevant to a jury charged with this [statutory damages] task.").