**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

JAMES L. WILLIAMS, *et al*.,      :
                                      :

                      Plaintiffs,    :

v.                             :        Civil Action 8:16-cv-00058-PX
                                        :

CORELOGIC SAFERENT, LLC,    :

                      Defendant.   :
_____:

## PLAINTIFFS' AMENDED RULE 26(a)(1)(A)(iii) DISCLOSURE

COMES NOW the Plaintiffs, James L. Williams and Hector Hernandez, by counsel, pursuant to Rule 26(a)(1)(a)(iii) and the Court's March 15, 2016 Discovery Order (Dkt. No. 10-1), and makes the following amended damages disclosures.

### I.    Computation of Damages

#### A.  Economic Damages and Specific Instances of Credit Denial as to Plaintiff Williams' Individual Claim.

The Plaintiff, James L. Williams ("Mr. Williams"), has experienced specific and known damage in the form of a denial of an apartment rental in Ellicott City, Maryland. Mr. Williams applied for this apartment so he and his wife could live near their college aged daughter while they looked to purchase and rehab permanent housing nearby. Because Mr. Williams was denied the apartment based on falsely being accused as a sex offender, he was forced to commute from Chicago, Illinois to various hotels in Hagerstown, Maryland while he looked to purchase and rehab a permanent home. As a result of the denial, Mr. Williams made the approximate 650 mile trip from Chicago, IL to Hagerstown, MD on at least five occasions, four by car and once by air. Mr. Williams estimates that the cost for each trip by car-by calculating the approximate mileage by

$0.55- to cost him $715.00, one way. Mr. Williams also flew once, an expense he estimates at approximately $300.00. Mr. Williams also incurred hotel expenses for approximately 26 nights in Hagerstown, MD.  Each night cost the Mr. Williams approximately $100.00. Mr. Williams's economic damage also includes the considerable time he spent traveling from Chicago, IL to Hagerstown, MD. These general travel expenses equal approximately $7,190.00, which he seeks to recover from the Defendant. Each trip driving took approximately 11.5 hours, one way. The flight took approximately 4 hours each way. Mr. Williams makes approximately $95.00 an hour when he is paid on an hourly basis (otherwise, he is a tenured college professor).  He estimates he has incur at least 77 hours in travel time due to Defendant's improperly identifying him as a sex offender.

**B.  Non-economic Damages as to Plaintiff Williams' Individual Claim.**

Mr. Williams seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter.  These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages.  *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997).   Such damages will be determined by the jury in this matter.

<u>Categories and types of Actual Damages</u>

     i.     Mr. Williams has suffered emotional and mental anguish, anxiety, frustration, humiliation, embarrassment and annoyance from being denied an apartment.

    ii.     This anxiety was manifested in an outbreak of hives and rash over his entire body from a pre-existing medical condition that is worsened by stress or anxiety. As a result of this outbreak, Mr. Williams had to take over the counter and use prescription skin care cream to manage the symptoms of the outbreak.

   iii.     Mr. Williams has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.

   iv.     Mr. Williams has suffered general damages in the form of damage to

reputation.

  v.  Mr. Williams has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.

  vi.  Mr. Williams has suffered lost opportunities to spend time with his daughter who is attending college in Maryland. He also lost opportunities to obtain another apartment in a more geographically desirable for fear that he would be accused of being a sex offender again.

  vii.  Mr. Williams suffers anxiety when considering applying for a new apartment or thinking that his employer, teenage students or his students' parents will learn he was accused of being a sex offender, because he believes, justifiably, that he will be forced to once again subject himself to the humiliation of having to explain the false and defamatory information previously that has been circulated about him is untrue.

## C. Economic Damages and Specific Instances of Credit Denial as to Plaintiff Hernandez's Individual Claim.

The Plaintiff, Hector Hernandez ("Mr. Hernandez"), has experienced specific and known damage in the form of a denial of an apartment rental in Silver Spring, Maryland. Mr. Hernandez applied for this apartment so he, his wife and infant son would have a place to live. Mr. Hernandez was denied the apartment based on the appearance of two false criminal records that would indicate he is a drug dealer. Because of the denial, Mr. Hernandez and his family were homeless for at least one week. Because he was unable to move directly to another apartment, Mr. Hernandez was forced to rent a storage facility that cost him $125.00 for the month. Mr. Hernandez estimates that being unable to transition to the apartment as intended and instead being forced into homelessness resulted in an additional $500.00 in out of pocket expenses for items such as meals, toiletries and additional moving expenses. Mr. Hernandez makes approximately $18.00 an hour as an exterminator.  He estimates he has incur at least 30 hours of damages because he was forced to move twice and scramble to try to find another housing option when he was denied an apartment due to Defendant's improperly identifying him as having two drug felony convictions.

**D.   Non-economic Damages as to Plaintiff Hernandez's Individual Claim.**

Mr. Hernandez seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter.   These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages.   *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997).   Such damages will be determined by the jury in this matter.

<u>**Categories and types of Actual Damages**</u>

    i.      Mr. Hernandez has suffered emotional and mental anguish, anxiety, frustration, humiliation, embarrassment and annoyance from being denied an apartment and forced into being homeless for over a week.

    ii.     Mr. Hernandez suffered so much stress and anxiety that he lost approximately fifteen pounds and had many sleepless nights in one month period when this occurred.

    iii.    Mr. Hernandez was emasculated because he was unable to provide shelter for his family. Instead, in order to prevent continued homelessness, he had to rely solely on his wife and her credit reputation for housing.

    iv.    Mr. Hernandez has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.

    v.     Mr. Hernandez has suffered general damages in the form of damage to reputation.

    vi.    Mr. Hernandez has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.

    vii.   Mr. Hernandez suffers anxiety when considering applying for a new apartment or thinking that his employer, friends or other family members will learn he was accused of being a drug dealer, because he believes, justifiably, that he will be forced to once again subject himself to the humiliation of having to explain the false and defamatory information previously that has been circulated about him is untrue.

**E.   Case Law Supporting Actual Damages.**

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements:

*Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002)($225,000 actual damages based upon general and economic damage theories);

*Anderson v. Conwood Co.* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Bach v. First Union,* No. 3:01CV191 (S. D. Ohio)($400,000 in actual damages);

*Bell v. May Dep't Stores*, (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc.*, 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.,* (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages and $623,180 for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Johnson v. MBNA*,  (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b) appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

*Mullins v. Equifax Info. Servs., Inc.,* 2007 U.S. Dist. LEXIS 62912 (E.D. VA. Aug. 27, 2007) (jury verdict upheld $20,000 in actual damages and $100,000 in punitive damages)

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, No: 4:02 CV 1650 (E.D. Mo. Jan. 28, 2004)($87,000 actual damages award).

*Adams v. Phillips,* 2002 WL 31886737 (E.D. La. Dec. 19, 2002)($200,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Peer v. Lewis*, 2008 WL 2047578 (S.D. Fla)($133,200 damages, remittitur to $12,500);

*Jansen v. Experian*, 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

*Miller v. Equifax Information Services, LLC.,* 3:11-cv-1231 (D. Or. 2011) (awarding 18.4 million dollars in damages against Equifax)

## F.   Class Action Claims.

The Plaintiffs and putative class members seek statutory damages for Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681g(a)(2) for between $100 and $1,000 per violation.

Plaintiff Hernandez and the members of the "Multiple Entries Class" suffered injuries from Defendant's conduct as a result of the duplicative reporting of criminal information in their credit reports, which created the appearance of a conviction and/or arrest for multiple crimes. Plaintiff Hernandez and the members of the "Multiple Entries Class" not only suffered concrete and particularized injuries in the form of damage to their reputations, but Defendant's duplicative reporting created a substantial risk of harm of adverse action against each consumer as a result of Defendant's labeling the consumer as a recidivist offender. Similarly, Defendant's violation of § 1681e(b) as to Plaintiff and the "Misreported Name Class" resulted in reputational injury, as well as an increased risk that a criminal record would be improperly attributed to a consumer that it did not belong.

Plaintiffs and the putative class members identified in the "File Disclosure Class" suffered informational injuries as a result of Defendant's deprivation of information required to be provided. Without clear and accurate disclosure of the sources of information, consumers like Plaintiffs are deprived of a meaningful opportunity to understand the contents of their credit file, to know who provided information regarding them to Defendant, and to correct the inaccurate information. In addition to Plaintiff's informational injuries, Defendant's failure to clearly and

accurately identify the sources of information creates a risk of harm that a consumer may contact the wrong entity to correct the mistakes.

### G.  Punitive Damages.

The Plaintiffs and putative class members seek punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004).  Punitive damages will be proven through the Plaintiffs' testimony, that of their expert witness and through the testimony of the employees of the Defendant against who such damages are sought.

### Case Law Supporting Punitive Damages.

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

> *Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);
>
> *Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);
>
> *Brimm v. Midland Credit Management, Inc.*, No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($623,180 jury verdict for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)
>
> *Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);
>
> *Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)
>
> *Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);
>
> *Mills v. NationsBank, N.A.* 3d Judicial District of Florida (Lake

County1999) (Jury award $300,000 punitive damages for false credit reports)

*Mullins v. Equifax Info. Servs., Inc.,* 2007 U.S. Dist. LEXIS 62912 (E.D. VA. Aug. 27, 2007) (jury verdict upheld $20,000 in actual damages and $100,000 in punitive damages)

*Saunders v. Branch Banking and Trust Co., of Virginia,* 526 F. 3d 142 (4th Cir. 2008)  Fourth Circuit affirmed jury award under FCRA of $1,000 statutory damages and $80,000 punitive damages)

*Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

*Williams v. Equifax Information Solutions, LLC*:  Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

*Miller v. Equifax Information Services, LLC.,* 3:11-cv-1231 (D. Or. 2011) (awarding 18.4 million dollars in damages against Equifax)

**H.  Attorneys' Fees and Costs.**

The Plaintiffs and the putative class members also seeks their attorneys' fees and costs in accordance with 15 U.S.C. § 1681n. If the Court or jury determines that Defendant's conduct was negligent, Plaintiffs and the putative class would seek their attorneys' fees and costs in accordance with 15 U.S.C. § 1681o.

Plaintiffs reserve the right to further supplement these disclosures.

Respectfully submitted,
**JAMES L. WILLIAMS and HECTOR HERNANDEZ**

By: _/s/ *Kristi C. Kelly*_____
        Counsel

Kristi Cahoon Kelly, Esq. (No. 07244)
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-0167 - Facsimile
E-mail:  kkelly@kellyandcrandall.com

E. Michelle Drake (MN Bar No.0387366)*
John G. Albanese (MN Bar No.0395882)*
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 594-5999
emdrake@bm.net
jalbanese@bm.net

*admitted *pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record:

S. Mohsin Reza (Bar No. 19015)
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22182
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
mohsin.reza@troutmansanders.com

*Counsel for Corelogic SafeRent, LLC*

Ronald I. Raether, Jr.
TROUTMAN SANDERS LLP
5 Park Plaza Ste 1400
Irvine, CA 92614
Telephone: (949) 622-2722
Facsimile: (949) 622-2739
ronald.raether@troutmansanders.com

Timothy J. St. George
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1254
Facsimile:  (804) 698-601 3
tim.stgeorge@troutmansanders.com

 /s/ *Kristi C. Kelly*
Kristi Cahoon Kelly, Esq. (No. 07244)
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-0167 - Facsimile
E-mail:  kkelly@kellyandcrandall.com
*Counsel for Plaintiff*