# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| JAMES L. WILLIAMS, *et al.*     ) | |
|       ) | |
|     **Plaintiffs,**     ) | |
|       ) | |
| **v.**     ) | Civil Action 8:16-cv-00058-PWG |
|       ) | |
| **CORELOGIC SAFERENT, LLC,**     ) | |
|       ) | |
|     **Defendant.**     ) | |
|       ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFFS'
## FIRST SET OF INTERROGATORIES

Defendant, Corelogic SafeRent, LLC ("SafeRent"), by counsel, respectfully submits the following responses to Plaintiffs' First Set of Interrogatories:

## INTERROGATORIES

1.　　Describe your specific policies and procedures for compliance with 15 U.S.C. § 1681e(b) from January 1, 2011, through the present.

**ANSWER:** SafeRent objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "compliance with 15 U.S.C. § 1681e(b)." SafeRent objects to this Interrogatory to the extent that it seeks information that constitutes confidential business, financial, commercial, and proprietary information, including trade secrets. SafeRent further objects to this Interrogatory as seeking overbroad and irrelevant information, including because it seeks information as to SafeRent's compliance with 15 U.S.C. § 1681e(b) irrespective of whether the information sought relates to the specific claims pled by Plaintiffs. SafeRent's investigation into this matter is ongoing and, therefore, SafeRent reserves its right to supplement this response.

Subject to and without waiving the foregoing objections, SafeRent states that Plaintiffs' tenant screening reports were prepared from data stored in SafeRent's database, which has been built from public records. In obtaining the public record data stored in the database, SafeRent sought to receive all public record data made available, consistent with open record laws, court rules and other administrative orders.

The records housed in SafeRent's database are continually updated. The information received by SafeRent from its sources is subject to numerous quality-control processes to assure that updates are accurately incorporated into SafeRent's database using the text that was supplied by the governmental source. SafeRent formats the data so that it can be incorporated correctly in the database in a standardized format (for example, so that the description of the nature of the offense provided by the governmental source is correctly matched to an offense description field in the database). The data is then subject to continuous quality control efforts by SafeRent. During this process, SafeRent does not alter the data. SafeRent then uses a proprietary process to match criminal records from the database in response to the information submitted by leasing agents.

With respect to the report generated for Plaintiff Hernandez, SafeRent's client, the Ashford at Woodlake, submitted the following personal identifying information to SafeRent with its request for a Multistate Criminal Search Report ("MCSR"):

- First name "Hector";

- Last Name "Hernandez";

- Date of Birth "12/29/1958";

- SSN "***-**-0148"; and

- Address "4702 Nicholson St., Riverdale, MD 20737."

No middle name was provided by the Ashford at Woodlake, despite having the option to do so. SafeRent then used its proprietary and confidential algorithm to match this personal identifying information to the identifying fields of data provided for each record contained in its database. The two criminal record items included in the MCSR exactly matched the first and last name and full date of birth provided above. No SSNs were provided with the public records, and neither contained address information.

SafeRent also did not report "duplicate" records, as alleged by Plaintiff Hernandez. The records were provided to SafeRent by different governmental entities (the Texas Department of Public Safety for "Item 0001" and the Texas Department of Criminal Justice for "Item 002") and contained divergent information regarding the offense (*e.g.*, its degree) and the offender (*e.g.*, physical characteristics) in the fields provided to SafeRent. SafeRent uses a proprietary technical process with respect to records obtained from an individual entity so that only one instance of a criminal charge is listed and active within an individual dataset at any one time. That process was not triggered with respect to the records reported for Plaintiff Hernandez for the reasons discussed above.

With respect to the report generated for Plaintiff Williams, SafeRent's client, Oella Mill, submitted the following personal identifying information to SafeRent with its request for a Multistate Sex Offender Search Report ("MSSOR"):

- First name "James";

- Middle Initial "L"

- Last Name "Williams";

- Date of Birth "01/08/1950";

- SSN "***-**-0508"; and

- Address "1143 South Park TS Chicago, IL 60605."

SafeRent then used its proprietary and confidential algorithm to match this personal identifying information to the identifying fields of data provided by the source for each record contained in its database. The two criminal record items included in the MSSOR and challenged by Plaintiff Williams exactly matched the first and last name and full date of birth provided above. The public record source also did not include a middle name or initial in the record provided to SafeRent. No SSNs were provided with the record, nor was address information provided with the record.

The MCSR and the MSSOR for Plaintiff Williams and Plaintiff Hernandez also contain a notice, which states:

> WARNING: The accurate input of name, SSN, date of birth and address is required to improve the retrieval of information relating to the applicant. Due to the nature of public records and/or the nature of the query, (I) listings above may not pertain to the individual applicant in question or (II) there will be instances where no criminal information is reported with regard to persons who in fact have criminal records. Records are selected on the basis of personal identifier(s) information match(es) with the applicant (if and when available). There is a wide diversity in the types of criminal records made available by various jurisdictions and in the content of such records and due to the organization of criminal records and/or the nature of the query, there will be instances where identifying information appears to match the applicant on which a report is sought, which information may not pertain to the applicant. You shall take independent verification of the information contained in this report to ensure that it pertains to the applicant before you take any adverse action against the applicant. Though information contained in this report is obtained from court files and/or government public records sources, the accuracy of such information is not guaranteed. Use of this report must be in compliance with your service agreement with Corelogic Saferent, Inc. ("SafeRent"), and other applicable federal, state and local laws, rules, regulations, ordinances and court orders. Users should consult with their counsel about requirements and/or limitations, with regard to information contained in this report.

SafeRent's contract with the customers at issue here, as well as SafeRent's Terms and Conditions, also contain language consistent with that notice. That notice helps to ensure that

the leasing agent, who has first-hand interaction with the prospective applicant, also analyzes any criminal record data returned by SafeRent.

SafeRent further responds that this process has resulted in a low dispute volume, with the number of disputes received by SafeRent in the years 2012-2015 averaging less than 2% of all reports being disputed for any reason.

For a further description of SafeRent's processes with respect to processes that were applied to Plaintiffs' reports, the document that can be identified by Bates Nos. SR000073-79.

2.    Describe your specific policies and procedures for compliance with 15 U.S.C. § 1681g from January 1, 2011, through the present.

**ANSWER:**  SafeRent objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "compliance with 15 U.S.C. § 1681g." SafeRent objects to this Interrogatory to the extent that it is overbroad, unduly burdensome, and calls for irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, including because this Interrogatory requests policies and procedures for any aspect of 15 U.S.C. § 1681g compliance irrespective of whether the information sought relates to the specific claims pled by Plaintiffs. SafeRent objects to this Interrogatory to the extent that it seeks information that constitutes confidential business and proprietary information, including trade secrets.

Subject to and without waiving the foregoing objections, SafeRent processes consumer file disclosure requests and has done so throughout the class period. In so doing, SafeRent reports the identity of the agency or court from where any public record information contained in the tenant screening report originated. In addition, the "Multistate Criminal Search Report by Crimcheck America" heading on the top of the first page of Plaintiffs' identified reports does not

identify any "source" of information. "Crimcheck America" is not a separate entity from SafeRent. Thus, the records obtained and reported by SafeRent did not originate with Crimcheck America, but instead originated in the jurisdictions identified on the tenant screening report. Nor was the disclosure of "Crimcheck America" in any way "misleading," as alleged. At the time that any consumer file disclosure was requested by a consumer and then provided by SafeRent, there could have been no possible confusion as to the fact that SafeRent was the entity that had generated any tenant screening report provided to the consumer.

3.     Separately state and describe each and every change that you have instituted or made to your matching algorithm since January 1, 2011.

**ANSWER:**  SafeRent objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "matching algorithm." SafeRent objects to this Interrogatory to the extent that it seeks information that constitutes confidential business and proprietary information, including trade secrets.

Subject to and without waiving the foregoing objections, SafeRent responds that it is unaware of any material changes to its proprietary matching process from January 1, 2011 through October 2014. In October 2014, SafeRent modified its proprietary matching process in certain respects. Those changes are described by the document that can be identified by Bates Nos. SR000073-79. SafeRent further responds that, in March 2016, it made a change to its matching process with respect to jurisdictions that deliver only partial dates of birth. That change, however, is not implicated by the records challenged by Plaintiffs, which all reflected full dates of birth. Thus, it is not relevant to this case. SafeRent has not made any further changes to its matching process since March 2016.

4.     Identify all persons who have participated, in any way, in the creation, modification, implementation, or review of the policies and procedures you have had in effect during the Class Period respecting compliance with § 1681e(b).

**ANSWER:**  SafeRent objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "compliance with § 1681e(b)." SafeRent objects to this Interrogatory to the extent that it is overbroad (including as to time) and unduly burdensome, including with respect to the identification of "all persons" who have participated "in any way" with its matching process. SafeRent objects to this Interrogatory as seeking overbroad and irrelevant information, including because it seeks information as to SafeRent's compliance with 15 U.S.C. § 1681e(b) irrespective of whether the information sought relates to the specific claims pled by Plaintiffs, and also because it seeks information regarding the "creation" of the matching process, which predates Plaintiffs' class allegations. SafeRent objects to this Interrogatory to the extent that it seeks information that constitutes confidential business and proprietary information, including trade secrets.  SafeRent objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, SafeRent identifies the following individuals who are knowledgeable about the matching process in place during the alleged class period and/or SafeRent's review of that process: Praveen Chandramohan, Jason Doyle, and Carrie Bennett.  Those individuals may be contacted only through undersigned counsel.

5.      Identify any research, studies or other analysis you have performed during the Class Period regarding the effectiveness of your matching criteria.

**ANSWER:**  SafeRent objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "effectiveness of your matching criteria."  SafeRent objects on the grounds that this Interrogatory is overly broad (including as to time).  SafeRent further objects to this Interrogatory as seeking overbroad and irrelevant information, including because it seeks information as to SafeRent's "matching criteria" irrespective of whether the information sought relates to the claims pled by Plaintiffs.  SafeRent objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, SafeRent continuously reviews its proprietary processes with the assistance of its technical team to seek out ways to enhance its ability to match public records in its database to the subject of the report.  To that end, SafeRent will produce documents describing its review of the matching process during the alleged class period, to the extent that such documents intersect with the process that was applied to generate Plaintiffs' tenant screening reports.


6.      Identify all persons who have participated, in any way, in the creation, modification, implementation, or review of the policies and procedures you have had in effect during the Class Period respecting compliance with § 1681g.

**ANSWER:**  SafeRent objects to this Interrogatory as compound and as comprising three Interrogatories.  SafeRent objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "compliance with § 1681g."  SafeRent objects to this Interrogatory to the

extent that it is overbroad (including as to time) and unduly burdensome, including with respect to the identification of "all persons" who have participated "in any way" with its process for consumer file disclosures. SafeRent objects to this Interrogatory as seeking overbroad and irrelevant information, including because it seeks information as to SafeRent's compliance with 15 U.S.C. § 1681g irrespective of whether the information sought relates to the specific claims pled by Plaintiffs, and also because it seeks information regarding the "creation" of the file disclosure process, which predates Plaintiffs' class allegations. SafeRent objects to this Interrogatory to the extent that it seeks information that constitutes confidential business and proprietary information, including trade secrets. SafeRent objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

Subject to and without waiving its objections, SafeRent responds that it is not aware of the specific identity of the individual(s) who would have been responsible for the "creation" of its consumer file disclosure policy, which predates the alleged class period in this case. SafeRent responds that its file disclosure processes have not changed during the alleged class period with respect to the claims set forth in the Amended Complaint. Therefore, it has no individual to identify with respect to any "modification" of its file disclosure process. Angela Barnard has knowledge regarding SafeRent's implementation of its file disclosure process.

7.     Please identify all individuals known to you or your attorney who are witnesses to the events or allegations described in Plaintiffs' complaint or have knowledge of any matter that is the subject of any defense you have raised to this lawsuit. For each person, please provide a brief summary of the person's knowledge and their contact information.

**ANSWER:**  SafeRent objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "witnesses to the events or allegations described in Plaintiffs' complaint or have knowledge of any matter that is the subject of any defense you have raised to this lawsuit." SafeRent objects on the grounds that this Interrogatory is overly broad (including as to time).  SafeRent objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

Subject to and without waiving its objections, SafeRent responds that its process for generating Plaintiffs' MCSR and MSSOR is computerized and automated in nature.  Thus, SafeRent's processes do not lend themselves to a straightforward response to the Interrogatory, which seeks the identification of "witnesses" to the "the events or allegations" at issue.  In further response, see SafeRent's responses to Interrogatory Nos. 3, 6, and 14 and its Rule 26(a)(1) initial disclosures.

8.      Identify the number of consumer disclosures you have furnished with the heading "Report by Crimcheck America" since January, 1, 2011.

**ANSWER:**  SafeRent objects on the grounds that this Interrogatory is overly broad (including as to time).  SafeRent objects to this request as unduly burdensome to the extent that it requires a manual review of consumer file disclosure requests.

9.      Identify all persons who have participated in the creation, modification, implementation, or review of your § 1681g(a)(2) policy to identify jurisdictions as the source(s) of the information in your consumer disclosure.

**ANSWER:** SafeRent objects to this Interrogatory as compound and as comprising four Interrogatories. SafeRent objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "creation, modification, implementation, or review of your § 1681g(a)(2) policy." SafeRent objects on the grounds that this Interrogatory is overly broad (including as to time). SafeRent objects to this Interrogatory as seeking overbroad and irrelevant information, including because it seeks information regarding the "creation" of the file disclosure process, which predates Plaintiffs' class allegations. SafeRent objects to this Interrogatory to the extent that it seeks information that constitutes confidential business and proprietary information, including trade secrets. SafeRent objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

Subject to and without waiving its objections, SafeRent responds that it is not aware of the specific identity of the individual(s) who would have been responsible for the "creation" of its consumer file disclosure policy, which predates the alleged class period in this case. SafeRent states that it has not made any changes to its procedures with respect to consumer file disclosure requests during the alleged class period. Therefore, it has no information to provide with respect to the "modification" of its file disclosure process. SafeRent responds that Angela Barnard has knowledge regarding SafeRent's file disclosure process.

10.     Separately state and describe each and every change that you made to your § 1681g procedures and policies since you first learned of the allegations in *Taylor v. Corelogic SafeRent, LLC*. For each change, identify all persons who participated in your decision to make the change and all documents which evidence or regard that change.

**ANSWER:**  SafeRent objects on the grounds that this Interrogatory is overly broad (including as to time).  SafeRent objects to this Interrogatory as seeking overbroad and irrelevant information, including because it seeks information as to SafeRent's processes with 15 U.S.C. § 1681g irrespective of whether the information sought relates to the claims pled by Plaintiffs. SafeRent objects to this Interrogatory to the extent that it seeks information that constitutes confidential business and proprietary information, including trade secrets.  SafeRent objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

Subject to and without waiving its objections, SafeRent responds that it has not made any changes to its § 1681g(a) procedures and policies since the filing of the lawsuit in *Brian Taylor v. CoreLogic SafeRent, LLC*, Civil Action 1:15-cv-1405-TSE-JFA (E.D. Va. 2015).

11.    State your net income and net worth for 2015 and 2016.

**ANSWER:**  SafeRent objects on the grounds that this request is overly broad (including as to time) and is unduly burdensome and oppressive.  SafeRent further objects to the production of this information in a pretrial posture, including before any finding of "willfulness" by a jury.

12.    State the factual bases of any and all defenses that you have asserted to the Amended Complaint.

**ANSWER:**  SafeRent objects to this Interrogatory as compound and as comprising many discrete Interrogatories.  SafeRent also responds that this is a contention interrogatory and that its investigation into this matter is ongoing.  Therefore, SafeRent reserves its right to supplement this response.

Subject to and without waiving its objections, SafeRent directs Plaintiffs to the documents that have been produced to date (and that will be produced) and its responses to Plaintiffs' First Set of Interrogatories, as well as any future interrogatories. SafeRent further incorporates any testimony which may be given by employees of SafeRent or third parties, and experts, including all relevant deposition testimony that will be provided in this case.

13.     State in full detail and identify and describe all evidence to support your denial that the Plaintiffs' action does not meet any specific element of Rule 23 sufficient to certify the case as a class action (*e.g.* why you contend that the class is not numerous, that the Plaintiffs' claims are not typical with that of the class, that the Plaintiffs or their counsel are not adequate, that the case is not manageable as a class action or that the class action device is not superior to another alternative).

**ANSWER:** SafeRent objects to this Interrogatory as compound and as comprising many discrete Interrogatories across all three putative classes. SafeRent objects to this Interrogatory on the basis that it exceeds the numerical limit allowed by the parties' Supplemental Discovery Order. SafeRent objects to this Request on the basis that it is premature, including because no motion for class certification has been filed such that SafeRent can identify the ways in which Plaintiffs have failed to satisfy the factors set forth under Rule 23. SafeRent further states that the burden to satisfy Rule 23 is Plaintiffs' burden alone, and SafeRent accordingly objects to any attempt to require it to affirmatively disprove the factors set forth under Rule 23.

14.     Identify the names, addresses and telephone numbers of all persons who conducted or participated in the investigation of Plaintiff Hernandez's dispute.

**ANSWER:**   SafeRent objects to this Interrogatory on the basis that it exceeds the numerical limit allowed by the parties' Supplemental Discovery Order.

Subject to and without waiving its objection, SafeRent responds that the dispute filed by Plaintiff Hernandez was investigated by former SafeRent employee Stacy Benton.  Ms. Benton is no longer employed by SafeRent.  SafeRent, therefore, is unable to provide her present contact information.

15.   Identify and describe the step-by-step process used by you in conducting your investigation of Plaintiff Hernandez's dispute, including all information considered by you when conducting your investigation of Plaintiff Hernandez's dispute.

**ANSWER:**   SafeRent objects to this Interrogatory on the basis that it exceeds the numerical limit allowed by the parties' Supplemental Discovery Order.  SafeRent objects to this Interrogatory to the extent that it is not related to the specific dispute claim pled by Plaintiff Hernandez in the Amended Complaint.

Subject to and without waiving its objection, SafeRent's dispute was conducted by former employee Stacy Benton.   SafeRent's business records reflect that on January 28, 2016, Ms. Benton consulted the underlying courts records via the online database of the Texas Department of Public Safety in processing the dispute.  No supporting documents were provided by Plaintiff Hernandez in connection with the dispute.  SafeRent did not hear anything further from Plaintiff Hernandez with respect to that criminal record dispute.

16.     If you contend that you are unable to ascertain the "File Disclosure Class" as defined in the Amended Complaint, state all reasons why you are unable to ascertain the class, including each step you performed in an attempt to ascertain the class.

**ANSWER:**  SafeRent objects to this Interrogatory on the basis that it exceeds the numerical limit allowed by the parties' Supplemental Discovery Order. SafeRent objects to this Request on the basis that its requirement to list "each step that [it] performed in an attempt to ascertain the class" is not the proper subject of an Interrogatory and attempts to shift the burden of proof under Rule 23 from Plaintiffs to SafeRent. SafeRent is not required to take any proactive steps to attempt to determine class membership for Plaintiffs, and it objects to any request that it do so.

17.     If you contend that you are unable to ascertain the "Misreported Name Class" as defined in the Amended Complaint, state all reasons why you are unable to ascertain the class, including each step you performed in an attempt to ascertain the class.

**ANSWER:**  SafeRent objects to this Interrogatory on the basis that it exceeds the numerical limit allowed by the parties' Supplemental Discovery Order. SafeRent objects to this Request on the basis that its requirement to list "each step that [it] performed in an attempt to ascertain the class" is not the proper subject of an Interrogatory and attempts to shift the burden of proof under Rule 23 from Plaintiffs to SafeRent. SafeRent is not required to take any proactive steps to attempt to determine class membership for Plaintiffs, and it objects to any request that it do so.

18.    If you contend that you are unable to ascertain the "Multiple Entries Class" as defined in the Amended Complaint, state all reasons why you are unable to ascertain the class, including each step you performed in an attempt to ascertain the class.

**ANSWER:**    SafeRent objects to this Interrogatory on the basis that it exceeds the numerical limit allowed by the parties' Supplemental Discovery Order.  SafeRent objects to this Request on the basis that its requirement to list "each step that [it] performed in an attempt to ascertain the class" is not the proper subject of an Interrogatory and attempts to shift the burden of proof under Rule 23 from Plaintiffs to SafeRent.  SafeRent is not required to take any proactive steps to attempt to determine class membership for Plaintiffs, and it objects to any request that it do so.

19.    Identify the number of consumer reports you have furnished since January 1, 2014, where you reported the same public record twice or more.

**ANSWER:**    SafeRent objects to this Interrogatory on the basis that it exceeds the numerical limit allowed by the parties' Supplemental Discovery Order.  SafeRent objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "same public record twice or more." SafeRent objects to this Interrogatory as unduly burdensome to the extent that it requires a manual review of every report issued by SafeRent to provide the requested information.

Subject to and without waiving its objections, SafeRent responds that it is unable to provide the information requested in Interrogatory Nos. 1 and 19.

20.    Identify the entity, government agency or courthouse that provided you with the public record information appearing in the consumer disclosure you provided to Plaintiff Williams.

**ANSWER:**    SafeRent objects to this Interrogatory on the basis that it exceeds the numerical limit allowed by the parties' Supplemental Discovery Order.

Subject to and without waiving its objection, the government entities that provided any public record information appearing on the relevant screening report are listed at Bates No. Bates Nos. SR00001-14.


21.    Identify the entity, government agency or courthouse that provided you with the public record information appearing in the consumer disclosure you provided to Plaintiff Hernandez.

**ANSWER:**    SafeRent objects to this Interrogatory on the basis that it exceeds the numerical limit allowed by the parties' Supplemental Discovery Order.

Subject to and without waiving its objection, SafeRent responds as follows:

Item 001:  the government entities that provided any public record information appearing on the relevant screening report are listed at Bates No. SR000048-62.

Item 002:  the government entities that provided any public record information appearing on the relevant screening report are listed at Bates No. SR000048-62.

Dated: June 17, 2016

**CORELOGIC SAFERENT, LLC**

Respectfully submitted,

By:/s/ _____
S. Mohsin Reza (Bar No. 19015)
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22 182
Telephone:(703)734-4334
Facsimile:  (703) 734-4340
mohsin.reza@troutmansanders.com

Ronald I. Raether, Jr.*
TROUTMAN SANDERS LLP
5 Park Plaza Ste 1400
Irvine, CA 92614
Telephone: (949) 622-2722
Facsimile: (949) 622-2739
ronald.raether@troutmansanders.com

Timothy J. St. George*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1254
Facsimile:  (804) 698-6013
tim.stgeorge@troutmansanders.com
*admitted pro hac vice

*Counsel for Defendant CoreLogic SafeRent, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

JAMES L. WILLIAMS, *et al.*       )
                                  )
                    Plaintiffs,   )
                                  )
v.                                )     Civil Action 8:16-cv-00058-PWG
                                  )
CORELOGIC SAFERENT, LLC,          )
                                  )
                    Defendant.    )
                                  )

## VERIFICATION

I, Praveen Chandramohan, state that I have read CoreLogic SafeRent, LLC's Responses to Plaintiff's First Interrogatories and that the answers contained therein are true and accurate to the best of my knowledge, information, and belief.  Insofar as the facts therein are based on a composite of information from financial records maintained by CoreLogic SafeRent, LLC, I do not have personal knowledge concerning all of the information, but I am informed and believe that the information set forth is true and correct.

Executed on June 16th, 2016.

_____
Praveen Chandramohan

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served via Federal Express

upon the following counsel of record, this 17th day of June 2016:

Kristi C. Kelly
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, VA  22030
Telephone:  (703) 424-7576
Facsimile:  (703) 591-0167
Email:  kkelly@kellyandcrandall.com

E. Michelle Drake (MN Bar No.0387366)*
John G. Albanese (MN Bar No.0395882)*
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 594-5999
emdrake@bm.net
jalbanese@bm.net

*admitted *pro hac vice*

*Counsel for Plaintiffs*

By:/s/ _____
Ronald I. Raether, Jr.*
TROUTMAN SANDERS LLP
5 Park Plaza Ste 1400
Irvine, CA 92614
Telephone: (949) 622-2722
Facsimile: (949) 622-2739
ronald.raether@troutmansanders.com

*Counsel for CoreLogic SafeRent, LLC*