IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| JAMES L. WILLIAMS, *et al.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action 8:16-cv-00058-PWG** |
| | ) | |
| CORELOGIC SAFERENT, LLC, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S RESPONSES TO PLAINTIFFS'**
**FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant, Corelogic SafeRent, LLC ("SafeRent"), by counsel, respectfully submits the

following responses to Plaintiffs' First Set of Requests for Production:

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      All documents relating to or referring to Plaintiffs James Williams and/or Hector

Hernandez.

**RESPONSE:** SafeRent objects to this Request to the extent that it seeks documents as to

the named Plaintiffs that are unrelated to the claims in this case.  SafeRent also objects to this

Request to the extent that it seeks documents and information protected by the attorney-client

privilege, the attorney work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, SafeRent will produce the two

identified tenant screening reports and related correspondence between Plaintiff and SafeRent.

2.      All documents that contain any policies and/or procedures that have been in effect

at any time during the Class Period with respect to your compliance with § 1681e(b) and /or §

1681g.

**RESPONSE:**   SafeRent objects to this Request as compound and comprising two Requests for Production.  SafeRent objects to this Request on the basis that it seeks irrelevant information, including because this Request requests policies and procedures for any aspect of 15 U.S.C. § 1681g and § 1681e(b) irrespective of whether the information sought relates to the specific claims pled by Plaintiffs.  SafeRent objects on the grounds that this Request is overly broad (including as to time).  SafeRent objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.  SafeRent further objects to this Request to the extent it calls for confidential business, financial, commercial or proprietary information or trade secrets.  SafeRent objects to the request to produce "all documents" as overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, SafeRent directs Plaintiffs to the document that can be identified by Bates Nos. SR000073-79, which describes the processes that were applied to generate Plaintiffs' reports.

Furthermore, SafeRent's policy manuals with respect to consumer file disclosure requests do not reference the issues pled in this case.  Therefore, SafeRent has no documents to produce in that regard.

SafeRent will also produce non-privileged documents that are responsive to the electronic discovery protocol it will utilize to search for documents relating to the claims asserted by Plaintiffs.

3.    All documents related to your procedures for assigning information to a consumer's file during the Class Period, including your matching procedures and algorithms and

any changes thereto.   This request includes but is not limited to any manuals, guides or instructions which were in effect at any time during the Class Period and that were provided to any of your customers.

**RESPONSE:**   SafeRent objects to this Request to the extent that it is vague and ambiguous, particularly as to the terms "assigning," "matching procedures" and "algorithms," which are not defined terms.  SafeRent objects to this Request on the basis that it seeks irrelevant information, including because it seeks "[a]ll documents related to [SafeRent's] procedures for assigning information to a consumer's file," irrespective of whether these documents are relevant to a party's claim or defense.  SafeRent objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.  SafeRent further objects to this Request to the extent it calls for confidential business, financial, commercial or proprietary information or trade secrets.  SafeRent objects on the grounds that this Request is overly broad (including as to time). SafeRent further objects to the request to produce "all documents" as overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, SafeRent directs Plaintiffs to the document that can be identified by Bates Nos. SR000073-79, which describes the processes that were applied to generate Plaintiffs' reports.

SafeRent will also produce non-privileged documents that are responsive to the electronic discovery protocol it will utilize to search for documents relating to the claims asserted by Plaintiffs.

4.     All documents concerning internal or external audits, assessments, studies, investigations, or examinations concerning your procedures for ensuring maximum possible accuracy and/or for providing all required information in response to a consumer's request for the consumer's file.

**RESPONSE:**   SafeRent objects to this Request as compound and comprising two Requests for Production.  SafeRent objects to this Request on the basis that it calls for irrelevant information, including because this Request seeks documents for any aspect of 15 U.S.C. § 1681g and § 1681e(b) irrespective of whether the information sought relates to the specific claims pled by Plaintiffs.  SafeRent objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.  SafeRent further objects to this Request to the extent it calls for confidential business, financial, commercial or proprietary information or trade secrets.  SafeRent objects on the grounds that this Request is overly broad (including as to time).  SafeRent further objects to the request to produce "all documents" as overly broad and unduly burdensome.

Subject to and without waiving its objections, SafeRent will produce documents describing its review of the matching process during the alleged class period, to the extent that such documents intersect with the process that was applied to generate Plaintiffs' tenant screening reports.

SafeRent will also produce non-privileged documents that are responsive to the electronic discovery protocol it will utilize to search for documents relating to the claims asserted by Plaintiffs.

5.      All documents containing any research, studies or other empirical analysis you have performed or relied on regarding the accuracy of your matching criteria.

**RESPONSE:**  SafeRent objects to this Request as vague and ambiguous, including with respect to the phrase "accuracy of your matching criteria." SafeRent objects to this Request on the basis that it seeks irrelevant information, including because this Request seeks documents for any aspect of its matching process irrespective of whether the information sought relates to the specific claims pled by Plaintiffs. SafeRent objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege. SafeRent further objects to this Request to the extent it calls for confidential business, financial, commercial or proprietary information or trade secrets. SafeRent objects on the grounds that this Request is overly broad (including as to time). SafeRent further objects to the request to produce "all documents" as overly broad and unduly burdensome.

Subject to and without waiving its objections, SafeRent will produce documents describing its review of the matching process during the alleged class period, to the extent that such documents intersect with the process that was applied to generate Plaintiffs' tenant screening reports.

SafeRent will also produce non-privileged documents that are responsive to the electronic discovery protocol it will utilize to search for documents relating to the claims asserted by Plaintiffs.

6.      All documents containing any proposals you have considered for changing your matching criteria, the content of your consumer file disclosure responses, and/or your procedures with respect to reporting the same criminal incident more than once in a single report.

**RESPONSE:**   SafeRent objects to this Request as compound and comprising three Requests for Production.   SafeRent objects to this Request as vague and ambiguous on the whole, and specifically with respect to the term "proposals" and the phrase "the same criminal incident."   SafeRent objects to this Request on the basis that it seeks irrelevant information, including because this Request seeks documents for any aspect of its reporting and file disclosure process irrespective of whether the information sought relates to the specific claims pled by Plaintiffs. SafeRent objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.   SafeRent further objects to this Request to the extent it calls for confidential business, financial, commercial or proprietary information or trade secrets. SafeRent objects on the grounds that this Request is overly broad (including as to time). SafeRent objects to the request to produce "all documents" as overly broad and unduly burdensome.

Subject to and without waiving its objections, SafeRent will produce documents describing its review of the matching process during the alleged class period, to the extent that such documents intersect with the process that was applied to generate Plaintiffs' tenant screening reports.

SafeRent will also produce non-privileged documents that are responsive to the electronic discovery protocol it will utilize to search for documents relating to the claims asserted by Plaintiffs.

7.    All documents concerning any contact between you and the Federal Trade Commission, the National Association of Professional Background Screeners, or any other government or professional organization regarding §1681e(b), § 1681g and/or similar state laws, and/or the conduct alleged in the Complaint, including any reports, newsletters, updates or any other written communication.

**RESPONSE:**  SafeRent objects to this Request on the basis that it is overly broad, including because it is not limited in time and not limited to the claims at issue in this action. SafeRent further objects to this Request on the basis that it seeks information that is not likely to lead to the discovery of admissible evidence, including because the concept of "objective unreasonableness" under *Safeco v. Burr*, 551 U.S. 47 (2007), implicates authoritative Federal Trade Commission or Consumer Financial Protection Bureau guidance, on-point decisions from a binding court of appeals or the Supreme Court of the United States, and the plain text of the FCRA, not simply any document sent to SafeRent by any state or federal agency.

8.    All documents that concern any oral or written complaints, inquiries, investigations, lawsuits, administrative proceedings, or alternative dispute resolution proceedings regarding your compliance with § 1681e(b), § 1681g and/or similar state laws, and/or the conduct alleged in the Complaint.

**RESPONSE:**  SafeRent objects to this Request on the basis that it is vague and ambiguous on the whole, including with respect to the terms "complaints," "inquiries," "investigations," and "administrative proceedings." SafeRent objects to this Request on the basis that it seeks irrelevant information, including because this Request seeks policies and procedures

for any aspect of 15 U.S.C. § 1681g and § 1681e(b) or "similar state laws" irrespective of whether the information sought relates to the specific claims pled by Plaintiffs. SafeRent objects on the grounds that this Request is overly broad (including as to time). SafeRent also objects to this Request on the basis that it is not likely to lead to the discovery of admissible evidence because any such communications from customers would be hearsay and are not relevant to the reasonableness of the procedures that were actually utilized by SafeRent during the alleged class period. SafeRent further states that any specific third party dispute is irrelevant to the claims at issue in this case, as any such dispute would depend on the particular facts of the dispute, including (but not limited to) the varied information made available by government agencies, the role of any particular leasing agent in processing a report, and whether the dispute was valid. SafeRent objects to this Request as unduly burdensome and in violation of the "proportionality" requirements of Fed. R. Civ. P. 26. SafeRent objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

Subject to and without waiving its objections, SafeRent will produce non-privileged documents that are responsive to the electronic discovery protocol it will utilize to search for documents relating to the claims asserted by Plaintiffs.

9.     Any and all e-mails during the Class Period which pertain to your policies and procedures for compliance with § 1681e(b), § 1681g and/or similar state laws, and/or the conduct alleged in the Complaint. This request includes, but is not limited to, emails which pertain to problems with your "hit logic rules," matching criteria, or the manner in which you assign information to a consumer report.

**RESPONSE:**  SafeRent objects to this Request to the extent the terms "hit logic rules," "problems," and "matching criteria" are vague and ambiguous and undefined.  SafeRent objects to this Request on the basis that it seeks irrelevant information, including because this Request seeks policies and procedures for any aspect of 15 U.S.C. § 1681g and § 1681e(b) or "similar state laws" irrespective of whether the information sought relates to the specific claims pled by Plaintiffs.  SafeRent objects to this Request on the basis that the request for "any and all emails" is overly broad and unduly burdensome and inconsistent with the parameters of the Discovery Order in this case governing electronic discovery.  SafeRent objects to this Request as unduly burdensome and in violation of the "proportionality" requirements of Fed. R. Civ. P. 26. SafeRent objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

Subject to and without waiving its objections, SafeRent will produce non-privileged documents that are responsive to the electronic discovery protocol it will utilize to search for documents in this action relating to the claims asserted by Plaintiffs.

10.     Copies of all consumer reports furnished by you during the Class Period which referenced Crimcheck America.

**RESPONSE:**  SafeRent objects to this Request as seeking irrelevant information, as the claim regarding "Crimcheck America" implicates only consumer file disclosure requests, and not all "consumer reports" where that trade name may have appeared.  SafeRent further objects to the Request as seeking irrelevant information, including because third-party file disclosures are not relevant to an assessment of the claims of Plaintiff with respect to the "File Disclosure

Class." SafeRent objects to this Request on the basis that it explicitly seeks the confidential

information of third-party consumers. SafeRent objects to this Request as unduly burdensome

and in violation of the "proportionality" requirements of Fed. R. Civ. P. 26.

**PLANNED WITHHOLDING: SafeRent is withholding documents responsive to this Request based on the objections stated above.**

11. Any documents, manuals or instructions related to or concerning your use of the "Crimcheck America" brand name.

**RESPONSE:** SafeRent objects on the ground that this Request is overly broad (including as to time). SafeRent also objects to this Request on the basis that it is not likely to lead to the discovery of admissible evidence because any such documents would not bear on the file disclosure claim alleging that SafeRent should not have listed "Crimcheck America" on its tenant screening reports. SafeRent objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege. SafeRent further objects to this Request on the basis that it is more reasonably obtained through deposition testimony than a document request.

Subject to and without waiving its objections, SafeRent will produce non-privileged documents, if any, that are responsive to the electronic discovery protocol it will utilize to search for documents relating to the claims asserted by Plaintiffs.

12. All documents that describe the database(s) You use for generating consumer reports, including but not limited to manuals, guides, flowcharts, data dictionaries, technical

descriptions, and any other documents that describes from where the database(s) gets its information, how it generates consumer reports and the methods by which it can be queried.

**RESPONSE:**  SafeRent objects to this Request on the basis that it calls for trade secret, confidential business, financial, commercial or proprietary information.  SafeRent objects on the grounds that this Request is overly broad (including as to time).  SafeRent further objects to the request to provide "all documents" as overly broad.

Subject to and without waiving the foregoing objections, SafeRent directs Plaintiff to Bates No. SR000084.  SafeRent also directs Plaintiffs to the screenshot of its electronic interface, which can be located at Bates No. SR000083.

13.    A copy of any database(s) or system(s), or a representative sample of data from any database or system, including metadata, maintained or used by You that contains, requests, or accesses Background Checks relating to Plaintiffs and/or all individuals upon you have produced Background Checks during the Class Period.

**RESPONSE:**  SafeRent objects to this Request as vague and ambiguous on the whole, including with respect to the phrase "that contains, requests, or accesses Background Checks relating to Plaintiff and/or all individuals upon you have produced Background Checks during the Class Period."  SafeRent further objects to the Request as seeking irrelevant information on the basis that the production of third-party tenant screening reports is not relevant to an assessment of the claims asserted by Plaintiffs under § 1681e(b).  SafeRent objects to this Request on the basis that it explicitly seeks the confidential information of third-party consumers.  SafeRent objects to this Request as unduly burdensome and in violation of the "proportionality" requirements of Fed. R. Civ. P. 26.

**PLANNED WITHHOLDING:** SafeRent is potentially withholding documents responsive to this Request based on the objections stated above.

14.   Any and all documents showing the names, addresses and contact information of individuals who meet the proposed class definitions in the Amended Complaint.

**RESPONSE:** SafeRent objects to this Request as compound and comprising three Requests for Production. SafeRent objects to this Request on the basis that it explicitly seeks the confidential information of third-party consumers. SafeRent objects to this Request as unduly burdensome and in violation of the "proportionality" requirements of Fed. R. Civ. P. 26. SafeRent objects to any Request to provide class member identities prior to class certification. SafeRent further objects to the request to provide "all documents" as overly broad.

**PLANNED WITHHOLDING:** SafeRent is withholding documents responsive to this Request based on the objections stated above.

15.   All documents that refer or relate to any legal advice you received that interpreted or applied 15 U.S.C. § 1681e(b), 15 U.S.C. § 1681g, or that evidence any interpretation of these provisions.

**RESPONSE:** SafeRent objects to this Request as compound and comprising two Requests for Production. SafeRent objects to this Request on the basis that it is overbroad and calls for irrelevant information because it seeks "all documents" that "refer" to or "relate" to 15 U.S.C. § 168le(b) or § 1681g irrespective of whether these documents are relevant to a party's claim or defense. SafeRent further objects to this Request on the basis that it seeks information that is not likely to lead to the discovery of admissible evidence, including because the concept

of "objective unreasonableness" under *Safeco v. Burr*, 551 U.S. 47 (2007), implicates authoritative Federal Trade Commission or Consumer Financial Protection Bureau guidance, on-point decisions from a binding court of appeals or the Supreme Court of the United States, and the plain text of the FCRA, not any "legal advice" received by SafeRent with respect to any of the claims alleged. SafeRent objects on the grounds that this Request is overly broad (including as to time). SafeRent further objects to this Request to the extent it calls for confidential business, financial, commercial or proprietary information. SafeRent objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

16.    All agreements with any public records vendor or any entity which supplies Defendant with the information it includes in consumer reports which has been in effect during the Class Period. This request includes, but is not limited to, all communications with such entities pertaining to the importance of accurate information in the complaint.

**RESPONSE:** SafeRent objects to this Request on the basis that it is overbroad and calls for irrelevant information, including because it seeks any agreement between SafeRent and a third-party regardless of whether that third-party provided a public record to SafeRent that was returned on Plaintiffs' tenant screening reports. SafeRent also objects to this Request as seeking irrelevant information on the basis that SafeRent's agreements and conversations with third parties have no bearing on the reasonableness of its procedures under § 1681e(b). SafeRent further objects to this Request on the basis that it calls for confidential business, financial, commercial or proprietary information.

Subject to and without waiving the foregoing objections, SafeRent directs Plaintiffs to Bates Nos. SR0000080-82.   SafeRent has no such document to provide with respect to the entities that sent to SafeRent the public record information that appeared on Plaintiff Hernandez's report.

17.    All documents pertaining to Defendant's decision to include the disclaimer set forth in Paragraph 61 of the First Amended Complaint or any other disclaimer pertaining to the accuracy of Defendant's matches in its consumer reports.

**RESPONSE:**  SafeRent objects to this Request as vague and ambiguous on the whole, including with respect to the term "disclaimer."  SafeRent objects to this Request on the basis that it is overbroad and calls for irrelevant information, including because any discussions as to whether to include the statement have no bearing on the reasonableness of the procedures used by SafeRent to generate Plaintiffs' tenant screening reports.  SafeRent objects on the grounds that this Request is overly broad (including as to time).  SafeRent further objects to this Request to the extent it calls for confidential business, financial, commercial or proprietary information. SafeRent objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.  SafeRent further objects to this Request on the basis that it is more reasonably obtained through deposition testimony than an interrogatory.

Subject to and without waiving the foregoing objections, SafeRent responds that it is not aware of documents, if any, that exist in response to this Request.

18.     All insurance agreements under which an insurance company may be liable in whole or in part for a judgment in this matter, or may be responsible to indemnify or reimburse You or any other entity for payments made to satisfy such a judgment, including any reservation of rights letters received by you from any such insurer.

**RESPONSE:**  SafeRent objects to this Request on the basis that SafeRent's "insurance agreements" are not relevant to any party's claim or defense.  SafeRent further objects to this Request to the extent it calls for confidential business, financial, commercial or proprietary information, including on the basis that any insurance policies are not likely to be implicated with respect to any judgment in this case.  SafeRent further objects to the provision of any insurance information on the basis that there is no insurance policy that is likely to satisfy any judgment in this action at this juncture.

**PLANNED WITHHOLDING:  SafeRent is withholding documents responsive to this Request based on the objections stated above.**


19.     All financial documents necessary to determine your net worth.

**RESPONSE:**  SafeRent objects to this Request to the extent it calls for confidential business, financial, commercial or proprietary information or trade secrets.  SafeRent objects on the grounds that this Request is overly broad (including as to time).  SafeRent objects to the request to produce "all documents" as overly broad and unduly burdensome.  SafeRent objects to providing any information as to its net worth prior to any finding of willfulness by a jury.


20.     Any documents relating to or describing your document retention or destruction procedures.

**RESPONSE:** SafeRent objects to this Request on the basis that it is overbroad and calls for irrelevant information, including because "retention" policies have no possible relevance until any further production than that which is being made is ordered by the Court. SafeRent objects to this Request to the extent it calls for confidential business, financial, commercial or proprietary information or trade secrets. SafeRent objects on the grounds that this Request is overly broad (including as to time). SafeRent objects to the request to produce "all documents" as overly broad and unduly burdensome. SafeRent further objects to this Request on the basis that it is more reasonably obtained through deposition testimony than a document request.

**PLANNED WITHHOLDING: SafeRent is withholding documents responsive to this Request based on the objections stated above.**

21.     All documents related to procedures followed and action taken to prevent reporting of duplicative public records.

**RESPONSE:** SafeRent objects to this Request as vague and ambiguous on the whole, and specifically with respect to the phrase "reporting of duplicative public records." SafeRent objects to this Request to the extent it calls for confidential business, financial, commercial or proprietary information or trade secrets. SafeRent objects on the ground that this Request is overly broad (including as to time). SafeRent objects to the request to produce "all documents" as overly broad and unduly burdensome.

Subject to and without waiving its objections, SafeRent responds that it is not aware of any policy or like documents addressing the substance of the Request.

17

22.     Any document recommending or suggesting any change or problem with duplicative reporting of public records during the Class Period.

**RESPONSE:** SafeRent objects to this Request as vague and ambiguous on the whole, and specifically with respect to the phrase "reporting of duplicative public records" and the term "problem." SafeRent objects to this Request to the extent it calls for confidential business, financial, commercial or proprietary information or trade secrets. SafeRent objects on the grounds that this Request is overly broad (including as to time). SafeRent objects to the request to produce "all documents" as overly broad and unduly burdensome.

Subject to and without waiving its objections, SafeRent responds that it is not aware of any documents responsive to the Request.

Dated: June 17, 2016

**CORELOGIC SAFERENT, LLC**

Respectfully submitted,


By:/s/_____
S. Mohsin Reza (Bar No. 19015)
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22 182
Telephone:(703)734-4334
Facsimile:  (703) 734-4340
mohsin.reza@troutmansanders.com

Ronald I. Raether, Jr.*
TROUTMAN SANDERS LLP
5 Park Plaza Ste 1400
Irvine, CA 92614
Telephone: (949) 622-2722
Facsimile: (949) 622-2739
ronald.raether@troutmansanders.com

Timothy J. St. George*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1254
Facsimile:  (804) 698-6013
tim.stgeorge@troutmansanders.com
*admitted pro hac vice

*Counsel for Defendant CoreLogic SafeRent, LLC*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via Federal Express upon the following counsel of record, this 17th day of June 2016:

Kristi C. Kelly
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, VA  22030
Telephone:  (703) 424-7576
Facsimile:  (703) 591-0167
Email:  kkelly@kellyandcrandall.com

E. Michelle Drake (MN Bar No.0387366)*
John G. Albanese (MN Bar No.0395882)*
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 594-5999
emdrake@bm.net
jalbanese@bm.net

*admitted *pro hac vice*

*Counsel for Plaintiffs*

By:/s/_____
Ronald I. Raether, Jr.*
TROUTMAN SANDERS LLP
5 Park Plaza Ste 1400
Irvine, CA 92614
Telephone: (949) 622-2722
Facsimile: (949) 622-2739
ronald.raether@troutmansanders.com

*Counsel for CoreLogic SafeRent, LLC*