```
 1        IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA
 2                      Alexandria Division

 3   BRIAN TAYLOR,                            )
                                              )
 4                          Plaintiff,        )
                                              )
 5   v.                                       ) CIVIL ACTION
                                              )
 6   CORELOGIC SAFERENT, LLC,                 ) 1:15-cv-1405
                                              )
 7                          Defendant.        )
                                              )
 8
              REPORTER'S TRANSCRIPT FROM AUDIO-RECORDING
 9
                            MOTIONS HEARING
10
                       Friday, April 22, 2016
11
                                 ---
12
     BEFORE:      THE HONORABLE JOHN F. ANDERSON,
13                Magistrate Judge Presiding

14   APPEARANCES: KRISTI KELLY, ESQ.
                  Kelly & Crandall PLC
15                4084 University Drive
                  Suite 202A
16                Fairfax, VA 22030

17                    For the Plaintiff

18                TIMOTHY JAMES ST. GEORGE, ESQ.
                  Troutman Sanders LLP
19                Troutman Sanders Bldg.
                  1001 Haxall Point
20                PO Box 1122
                  Richmond, VA 23218
21
                      For the Defendant
22
                                 ---
23
              MICHAEL A. RODRIQUEZ, RPR/CM/RMR
24                 Official Court Reporter
             USDC, Eastern District of Virginia
25                  Alexandria Division
```

1  ATTORNEY ST. GEORGE: Well, your Honor, you
2  separately denied the request for the audits and the
3  studies, and that's what these documents are. These are
4  the --
5  THE COURT: Well, if -- if they contain a
6  description of the policies and procedures, they're
7  responsive whether they're part of an audit or part of a
8  study. My concern is that, you know, you're not being
9  complete in your production.
10 And if you want to call it a study and part
11 of the study describes what the policies and procedures
12 were in place, and that is a document that is more
13 complete than whatever this policy manual is that
14 apparently isn't complete, according to Mr. Doyle's
15 testimony, then I don't see why you don't think all
16 those other documents need to be produced in order to
17 produce documents showing the policies and procedures in
18 place.
19 ATTORNEY ST. GEORGE: Well, one point of
20 clarification. When Mr. Doyle said the policy document
21 doesn't describe completely the matching process, if you
22 look at his testimony, he's saying that there is
23 significant coding that exists behind the matching
24 process which would not be accessible to anyone in this
25 courtroom.

1  that's, in fact, the case, then I'm going to require you
2  to produce all the studies and audits.
3           ATTORNEY ST. GEORGE:  Yes, your Honor.  I
4  understand if you're going to do that.  I just want to
5  make sure if there was any misunderstanding in our
6  regard -- on our end, it was because of the dual nature
7  of that holding.  And the continued position that is
8  consistent with the deposition taken so far, that the
9  policy manual that was produced is the document that
10 describes the policies as of February 2015.
11          THE COURT:  Yes, but it didn't include the
12 nickname table.  If -- if --
13          ATTORNEY ST. GEORGE:  That's right, your
14 Honor, it did not.  It did not include the nickname
15 table.
16          THE COURT:  That is a clearcut example of
17 where it really wasn't complete.
18          ATTORNEY ST. GEORGE:  Well, if there was any
19 prejudice in that regard -- and I understand your
20 Honor's position -- we cleared that up with the
21 interrogatory where we made that exact same
22 representation.  And the nickname table by definition is
23 going to be overbroad to the extent it includes name
24 matches that aren't a part of this case.
25          THE COURT:  All right.  Well --

1  ATTORNEY ST. GEORGE: That's under EV.
2  That's the subject of this case, is what was done with
3  respect to this consumer.
4  THE COURT: Well, I'm going to go ahead.
5  And I guess to the extent -- and this would relate, I
6  think, to some of the current document requests that are
7  out there, that I am going to require you to produce:
8  Studies, audits, reports, research, whatever relating to
9  anything having to do with the policy that was put in
10 place in October of 2014. And I am not going to put any
11 time limit on those. So the studies that have been
12 ongoing since that point in time to the present.
13 ATTORNEY ST. GEORGE: Okay. So --
14 THE COURT: So I'll hear from you as to why
15 you don't think that's appropriate.
16 ATTORNEY ST. GEORGE: I just want to make
17 sure I'm understanding your Honor's position. So it
18 would be the studies and audits after October 2014 about
19 potential changes to the matching algorithm and --
20 THE COURT: Well, the -- not potential
21 changes, but whether it is, you know, good, bad, whether
22 it works --
23 ATTORNEY ST. GEORGE: Understood.
24 THE COURT: -- whether it doesn't work,
25 whether we need to, you know, change it or not change

*1*        ATTORNEY ST. GEORGE:  Yes.
*2*        THE COURT:  And I assume it's assigned a
*3*  work order or some kind of --
*4*        ATTORNEY ST. GEORGE:  Yes, Judge.
*5*        THE COURT:  Well, what I'm going to do for
*6*  Document Request No. 1, for the time period from
*7*  October 1 to March 1 -- so it's basically five months,
*8*  October, November, December, January, February, March --
*9*  I want you to produce a list of -- and I'm trying to
*10* think of a way that it can be done through this
*11* electronic database that you have.
*12*        I'm not talking about each and every
*13* communication or each and every letter or e-mail, but I
*14* want documents that are -- information that is
*15* sufficient to show each consumer dispute that was
*16* received between October 1, 2014 and March 1, 2015.  And
*17* I don't know what the initial log -- does it show what
*18* the dispute -- what was the claimed dispute?  Is that --
*19* do they have codes or something that they put in for
*20* that?
*21*        ATTORNEY ST. GEORGE:  My understanding is
*22* that the disputes are broadly divided among certain
*23* codes.  You know, there are three or four -- three or
*24* four codes, you know, which are fairly general in
*25* nature.

*1*      THE COURT: Well, you would need to produce
*2* those that would fit under the category of inaccurately
*3* assigned a criminal public record. So if there's a code
*4* that is -- you know, it may be produced under that code
*5* or it may not be produced under that -- you know what I
*6* mean? -- that should have been -- some are and some
*7* aren't produced. It would need to produce both of those
*8* codes. If there's another code that it's clear that
*9* that kind of complaint wouldn't fall under there, then
*10* you wouldn't need to generate or produce those disputes
*11* for that time period.
*12*      ATTORNEY ST. GEORGE: I understand.
*13*      So what is the output that's being compelled
*14* here? I'm just not specific.
*15*      THE COURT: Well, not knowing exactly what
*16* is in the --
*17*      ATTORNEY ST. GEORGE: Is your Honor looking
*18* for a list of consumers or --
*19*      THE COURT: What I think I want is the
*20* initial dispute record; that is, so if there is a
*21* template that gets filled in of date, identity of the
*22* consumer, when the report was generated -- date
*23* received, report generated, complaint by consumer and
*24* the identity of the consumer, I assume that would be
*25* what would be on the initial information that's logged

*1*

*2*          I, MICHAEL A. RODRIQUEZ, an Official Court

*3* Reporter for the United States District Court, in the

*4* Eastern District of Virginia, Alexandria Division, do

*5* hereby certify that I reported by machine shorthand, in

*6* my official capacity, the proceedings had upon the

*7* motions hearing in the case of BRIAN TAYLOR v. CORELOGIC

*8* SAFERENT, LLC.

*9*

*10*          I further certify that I was authorized and

*11* did report by stenotype the proceedings in said motions

*12* hearing, and that the foregoing pages, numbered 1 to 52,

*13* inclusive, constitute the official transcript of said

*14* proceedings as taken from my machine shorthand notes.

*15*

*16*          IN WITNESS WHEREOF, I have hereto subscribed

*17* my name this   11th   day of   August  , 2016.

*18*

*19*

*20*                               /S/
                      Michael A. Rodriquez, RPR/CM/RMR
                         Official Court Reporter

*21*

*22*

*23*

*24*

*25*

MICHAEL A. RODRIQUEZ, RPR/CM/RMR