**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| **JAMES L. WILLIAMS**, *et al.* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **Civil Action 8:16-cv-00058** |
| | ) |
| **CORELOGIC RENTAL PROPERTY** | ) |
| **SOLUTIONS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Defendant, CoreLogic Rental Property Solutions, LLC ("RPS"), by counsel, submits this memorandum in support of its Motion to Seal.

### INTRODUCTION

Plaintiffs' Motion to Compel seeks the production of databases from RPS, along with complex sets of coding. RPS has opposed that Motion, including through the declaration of Matthew Knowles (Exhibit 4), RPS's Manager of Data Operations. As a necessary component of opposing that Motion, Mr. Knowles described the structure and content of the databases; the size of the databases and the financial costs that have been incurred in creating the databases; and the proprietary aspects of the databases. Mr. Knowles also described the computer coding that has been requested by Plaintiffs and how it functions. RPS also attached as Exhibit 4 documents showing the file structure of the database, which were previously provided to Plaintiffs. This information was necessary to oppose Plaintiffs' Motion, but it is also highly proprietary to RPS.

### ARGUMENT

A "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re The*

*Knight Publishing Co.,* 743 F.2d 231, 235 (4th Cir. 1984).  The Fourth Circuit has established the steps that a district court must take before a case, or documents within a case, may be filed under seal.  *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).  In *Ashcraft,* the Fourth Circuit set forth the prerequisites for an order sealing documents, holding that parties must: (1) provide notice to the public and gives the public an opportunity to object to the sealing; (2) consider less drastic alternatives; and (3) provide specific findings in support of the decision to seal and the rejection of alternatives.  *Id*.  All of those criteria are satisfied here.

## I.      Public notice has been provided.

In connection with the filing of the memorandum in opposition to Plaintiffs' Motion to Compel, RPS filed notices of the sealing motion and also of the sealed documents, which provides the public with an opportunity to bring objections, if any, to sealing the documents. That is sufficient to docket the notice "reasonably in advance of deciding the issue." *In re The Knight Publishing Co.*, 743 F.2d at 235.

## II.     No less drastic alternative to sealing is possible.

The information RPS seeks to place under seal is the same information that it has used to oppose Plaintiffs' Motion to Compel.  Hence, no procedure other than filing the document and related portions of the memorandum under seal will be sufficient to preserve the confidential and proprietary nature of the information disclosed.

## III.    The lack of public interest in the information, when coupled with the harm to RPS in public disclosure, warrants placing the documents under seal.

The information sought to be sealed by this Motion reflects confidential and proprietary information regarding the internal operations of RPS and has not been made public.  In contrast, for the reasons set forth below, the disclosure of that information would have substantial and negative implications for RPS.  Thus, this factor is also satisfied.  *See, e.g., Crum & Crum*

*Enters. v. NDC of Cal.,* 2011 U.S. Dist. LEXIS 24690, at *12 (D. Del. Mar. 11, 2011) (finding

no persuasive public interest in the information, as "the case involves litigation between a private

company and a private citizen").

### IV. The proprietary information regarding the databases and the "algorithms" should be placed under seal.

RPS has redacted the portions of the Knowles Declaration that describe: (1) the structure

of the databases requested and their functions at RPS; (2) the size of the databases, including the

number of criminal records contained therein and the number of jurisdictions that have

historically provided those criminal records; (3) the effort expended by RPS in building such

databases and the financial costs of those efforts; and (4) descriptions of the "algorithms"

requested by Plaintiffs in discovery and the number of "algorithms" implicated by the requests.

RPS has also sought to seal certain documents as Exhibit 4, which were referenced by Mr.

Knowles in his declaration, and which detail the file structure of the databases.  That information

is highly confidential to RPS and its disclosure would pose substantial risks to RPS.

Accordingly, the documents and information should be placed under seal.

Courts have consistently held that documents reflecting confidential and proprietary

information of a private business, including the specific types of information at issue here, can

properly be placed under seal.  *See, e.g., Muri v. Killeen,* 2004 U.S. Dist. LEXIS 9080, at *11

(W.D. Va. May 18, 2004) ("It appearing to the court that the exhibits contain engineering data,

client names, and other potentially confidential and proprietary information, the court grants the

motion [to place such documents under seal]."); *Walker Systems, Inc. v. Hubbell, Inc.,* 188

F.R.D. 428, 429 (S.D. W.Va. 1999) (stating where "information sought to be protected concerns

documents that the parties in good faith believe contain trade secrets or other confidential

information, and the orders are routinely agreed upon by the parties, such orders should be

granted"); *accord Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073-74 (3d Cir. 1984); *Zenith Radio Corp. v. Matsushita Electric Indus. Co.*, 529 F. Supp. 866, 889-90, n.42 (E.D. Pa. 1981).

As set forth in the Knowles Declaration, the database structure is highly proprietary, has been developed through the expenditure of substantial employee effort, and is kept confidential. Knowles Declaration at ¶¶ 6-8.  That confidentiality is reflective of the fact that the disclosure of the structure of the databases would be very valuable to RPS's competitors, and its disclosure could enable a competitor to replicate the functions of RPS without incurring any of the same costs.  Knowles Declaration at ¶ 9.  The number of jurisdictions that have previously provided criminal record data to RPS and the size of the databases also is confidential and provides RPS with a similar advantage in the marketplace.  Knowles Declaration at ¶ 6.  The "algorithms" discussed in the Knowles Declaration also have been developed over a period of decades and are highly-proprietary to RPS.  Knowles Declaration at ¶¶ 12-13.  Indeed, that confidential coding is a core asset to RPS.  Knowles Declaration at ¶¶ 12-13.

Consistent with the authority and considerations of confidentiality, another court within the United States District Court for the Eastern District of Virginia recently placed under seal similar information relating to SafeRent's proprietary "procedures regarding its data quality control and data intake processes."  *See* 3:12cv97 (E.D. Va. 2014) (Dkt. No. 109).

Even more, RPS's status as a participant in the consumer data industry, which is highly-attuned to market research and intelligence, heightens the concern that its competitors will likely gain access to any publicly-disclosed proprietary information and will then use such information to gain a competitive advantage in the marketplace.  Knowles Declaration at ¶ 14.  ; *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 530 (N.D. Cal. 2000) ("The risk of potential injury is increased here because  .  .  .  Intel is already the dominant player in this highly competitive

market."). Thus, the portions of the Knowles Declaration that have been redacted – and the related statements in RPS's memorandum in opposition to Plaintiffs' Motion to Compel – should be placed under seal. Exhibit 4 to RPS's memorandum, which provides certain of the proprietary documents that are referenced in the Knowles Declaration, should also be sealed.

<u>CONCLUSION</u>

WHEREFORE, Defendant, CoreLogic Rental Property Solutions, LLC, respectfully requests that the Court: (1) grant its Motion to Seal; and (2) grant RPS any such further relief that the Court deems proper.

Dated: August 29, 2016

**CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC**

Respectfully submitted,


By:/s/_____

S. Mohsin Reza (Bar No. 19015)
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22 182
Telephone:(703)734-4334
Facsimile:  (703) 734-4340
mohsin.reza@troutmansanders.com

Ronald I. Raether, Jr.*
TROUTMAN SANDERS LLP
5 Park Plaza Ste 1400
Irvine, CA 92614
Telephone: (949) 622-2722
Facsimile: (949) 622-2739
ronald.raether@troutmansanders.com

Timothy J. St. George*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1254
Facsimile:  (804) 698-6013
tim.stgeorge@troutmansanders.com
*admitted pro hac vice

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

On August 29, 2016, a true and correct copy of the foregoing has was served via the

Court's Electronic Case Filing system, which will send a notice of electronic filing to:

> Kristi C. Kelly
> Kelly & Crandall, PLC
> 4084 University Drive, Suite 202A
> Fairfax, VA  22030
> Telephone:  (703) 424-7576
> Facsimile:  (703) 591-0167
> Email:  kkelly@kellyandcrandall.com
>
> E. Michelle Drake (MN Bar No.0387366)*
> John G. Albanese (MN Bar No.0395882)*
> Berger & Montague, PC
> 43 SE Main Street, Suite 505
> Minneapolis, MN 55414
> Telephone: (612) 594-5999
> emdrake@bm.net
> jalbanese@bm.net
>
> *admitted *pro hac vice*
>
> *Counsel for Plaintiffs*
>
>                      By:/s/_____
>                      Timothy J. St. George*
>                      TROUTMAN SANDERS LLP
>                      1001 Haxall Point
>                      Richmond, VA 23219
>                      Telephone: (804) 697-1254
>                      Facsimile:  (804) 698-6013
>                      tim.stgeorge@troutmansanders.com
>                      *admitted pro hac vice
>
>                      *Counsel for Defendant*

29071089v1