**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| **JAMES L. WILLIAMS, *et al.*** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Action 8:16-cv-00058** |
| **CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL**

Defendant, CoreLogic Rental Property Solutions, LLC ("RPS"), by counsel, submits this memorandum in support of Plaintiffs' Interim Sealing Motion. (Dkt. No. 53.)

## INTRODUCTION

In connection with their Motion to Compel, Plaintiffs attached certain confidential documents as exhibits to their memorandum and then referenced the contents of those exhibits within their brief. As noted by Plaintiffs in their interim Motion to Seal, those documents and related statements "provide details regarding the databases and algorithms" used by RPS.

In particular, Exhibit 6 is a declaration from Plaintiffs' database "expert," Jonathan Jaffe, which provides details on the structure of the databases and the "algorithms" requested by Plaintiffs based on the documents that were previously produced by RPS in discovery. Exhibit 7 is a letter from Plaintiffs' counsel transmitting their proposal for database discovery, which also describes the various databases. Exhibit 8 is RPS's counsel's response to that letter. Exhibit 10 is a version of a policy document produced by RPS that: (1) describes the changes made to its matching process in October 2014; (2) provides full details on the current state of its matching processes; and (3) provides a statistical analysis of the effect of the October 2014 changes.

These documents are highly proprietary to RPS and non-public. For the reasons set forth below, the Motion to Seal should be granted.

## ARGUMENT

A "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re The Knight Publishing Co.,* 743 F.2d 231, 235 (4th Cir. 1984). The Fourth Circuit has established the steps that a district court must take before a case, or documents within a case, may be filed under seal. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). In *Ashcraft,* the Fourth Circuit set forth the prerequisites for an order sealing documents, holding that parties must: (1) provide notice to the public and gives the public an opportunity to object to the sealing; (2) consider less drastic alternatives; and (3) provide specific findings in support of the decision to seal and the rejection of alternatives. *Id*. All of those criteria are satisfied here.

### I. Public notice has been provided.

In connection with the filing of the Motion, Plaintiffs filed notices of the sealing motion and also of the sealed documents, which provides the public with an opportunity to bring objections, if any, to sealing the documents. That is sufficient to docket the notice "reasonably in advance of deciding the issue." *In re The Knight Publishing Co.*, 743 F.2d at 235.

### II. Due to Plaintiffs' attachment of the documents as exhibits to their memorandum in support of the Motion to Compel, no less drastic alternative to sealing is possible.

The documents RPS seeks to place under seal are the same documents Plaintiffs previously attached as Exhibits 6, 7, 8, and 10 to their memorandum in support of the Motion to Compel, and which were then extensively referenced therein by Plaintiffs. Hence, no procedure other than filing the documents and memorandum under seal will be sufficient to preserve the confidential and proprietary nature of the information disclosed.

**III. The lack of public interest in these privately-generated documents, when coupled with the harm to RPS in public disclosure, warrants placing the documents under seal.**

The documents and information sought to be sealed by this Motion reflect information that is currently protected from disclosure by the Court's Protective Order. This confidential and proprietary information, which regards the internal operations of RPS, has not been made public and cannot be publicly disseminated under the terms of that Protective Order. In contrast, for the reasons set forth below, the disclosure of that information would have substantial and negative implications for RPS. Thus, this factor is also satisfied. *See, e.g., Crum & Crum Enters. v. NDC of Cal.,* 2011 U.S. Dist. LEXIS 24690, at *12 (D. Del. Mar. 11, 2011) (finding no persuasive public interest in the information, as "the case involves litigation between a private company and a private citizen").

**IV. Exhibit Nos. 6, 7, and 8, which detail the databases utilized by RPS and the "algorithms" that relate to those databases, should be placed under seal.**

Exhibit Nos. 6, 7, and 8, along with the descriptions of those exhibits in Plaintiffs' Motion to Compel, reference the structure of the databases sought by Plaintiffs in this case, as well as the file sizes of the databases, their content, and the "algorithms" that are used by RPS in connection with returning multi-state criminal record reports to leasing agents. That information is highly confidential to RPS and its disclosure would pose substantial competitive risks to RPS. Accordingly, the documents and information should be placed under seal.

Courts have consistently held that documents reflecting confidential and proprietary information of a private business, including the specific types of information at issue here, can properly be placed under seal. *See, e.g.*, *Muri v. Killeen*, 2004 U.S. Dist. LEXIS 9080, at *11 (W.D. Va. May 18, 2004) ("It appearing to the court that the exhibits contain engineering data, client names, and other potentially confidential and proprietary information, the court grants the

motion [to place such documents under seal].”); *Walker Systems, Inc. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W.Va. 1999) (stating where “information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted”); *accord Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073-74 (3d Cir. 1984); *Zenith Radio Corp. v. Matsushita Electric Indus. Co.*, 529 F. Supp. 866, 889-90, n.42 (E.D. Pa. 1981). That is undoubtedly the case here.

RPS previously produced to Plaintiffs in discovery documents reflecting the structure and content of the databases requested in discovery. Those documents were described at length by Plaintiffs in their brief, as well as in the Jaffe Declaration. As set forth in the declaration of Matthew Knowles in opposition to Plaintiffs’ Motion to Compel, the database structure discussed in paragraphs 12-61 of the Jaffe Declaration is highly proprietary. The structure of the databases has been developed through the expenditure of substantial employee effort. Knowles Declaration at ¶¶ 6-8. The content and structure of the databases is kept confidential, and access to the databases is limited to select employees. Knowles Declaration at ¶ 9. That confidentiality is reflective of the fact that the disclosure of the content and file structure of the databases would be very valuable to RPS’s competitors, and it could enable a competitor to replicate the functions of RPS without incurring any of the same costs. Knowles Declaration at ¶ 9.

The “algorithms” discussed in the Jaffe Declaration are also highly proprietary to RPS. As RPS has explained in connection with its opposition to the Motion to Compel, the “matching algorithm” discussed in narrative form at paragraphs 64-67 of the Jaffe Declaration, as well as the “duplication” algorithm discussed in narrative form at paragraphs 68-72 of the Jaffe Declaration, have been developed through substantial expenditures of employee time and are highly-proprietary to RPS. Knowles Declaration at ¶¶ 12-13. Indeed, that coding is a core asset

to RPS and provides RPS with a competitive advantage. Knowles Declaration at ¶¶ 12-13. Thus, Mr. Jaffe's (uninformed) discussion about those processes should be placed under seal.

Even more, RPS's status as a participant in the consumer data industry, which is highly-attuned to market research and intelligence, heightens the concern that its competitors will likely gain access to any publicly-disclosed proprietary information and will then use such information to gain a competitive advantage in the marketplace. Knowles Declaration at ¶ 14; *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 530 (N.D. Cal. 2000) ("The risk of potential injury is increased here because . . . Intel is already the dominant player in this highly competitive market."). Thus, Exhibits 6, 7, and 8, and the related references to those documents in the brief, should be placed under seal.

**V. Exhibit No. 10, which details the matching processes currently and historically employed by RPS, should be placed under seal.**

Exhibit 10 sets forth in substantial detail the process used by RPS to match public records from its database to the identifying information that is provided by a leasing agent about an applicant. That document also sets forth the changes that were made to that matching process in October 2014, as well as the statistical impact of those changes on the number of records returned by RPS to its customers. Plaintiffs attached that document to their Motion, and they also made substantial reference to that document in their brief and in the Jaffe Declaration.

The information reflected in Exhibit 10 is highly confidential and proprietary. RPS has developed a computerized process to match public record data with information provided by its customers. *See* Knowles Declaration at ¶ 12. RPS has invested a great deal of time and resources into maintaining and refining that matching process, which is highly-confidential and proprietary and provides RPS with a competitive advantage in the marketplace. Knowles Declaration at ¶ 12. For those reasons, RPS keeps its procedures regarding its matching process

strictly confidential. Knowles Declaration at ¶ 12. It is RPS's policy to keep the information in the relevant document confidential. Knowles Declaration at ¶ 12. Thus, when such information or documentation is requested in litigation, RPS seeks the entry of an appropriate protective order prior to production, as occurred in this case. Indeed, consistent with this authority, another district court recently placed this *same* document under seal, along with the related references to that document in the opposing party's underlying motion. *See* 1:15cv1045 (E.D. Va. 2015) (Dkt. Nos. 20-24, 31-32.) Based on this evidence, good cause exists to place Exhibit 10 and the related statements in Plaintiffs' brief under seal.

## CONCLUSION

WHEREFORE, Defendant, CoreLogic Rental Property Solutions, LLC, respectfully requests that the Court: (1) grant Plaintiffs' Interim Motion to Seal; and (2) grant RPS any such further relief that the Court deems proper.

Dated: August 29, 2016

**CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC**

Respectfully submitted,

By:/s/

S. Mohsin Reza (Bar No. 19015)
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22 182
Telephone:(703)734-4334
Facsimile: (703) 734-4340
mohsin.reza@troutmansanders.com

Ronald I. Raether, Jr.*
TROUTMAN SANDERS LLP
5 Park Plaza Ste 1400
Irvine, CA 92614
Telephone: (949) 622-2722
Facsimile: (949) 622-2739
ronald.raether@troutmansanders.com

Timothy J. St. George*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
tim.stgeorge@troutmansanders.com
*admitted pro hac vice

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

On August 29, 2016, a true and correct copy of the foregoing has was served via the Court's Electronic Case Filing system, which will send a notice of electronic filing to:

Kristi C. Kelly
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: (703) 424-7576
Facsimile: (703) 591-0167
Email: kkelly@kellyandcrandall.com

E. Michelle Drake (MN Bar No.0387366)*
John G. Albanese (MN Bar No.0395882)*
Berger & Montague, PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 594-5999
emdrake@bm.net
jalbanese@bm.net

*admitted *pro hac vice*

*Counsel for Plaintiffs*

By:/s/________________________
Timothy J. St. George*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
tim.stgeorge@troutmansanders.com
*admitted pro hac vice

*Counsel for Defendant*

29062883v1