TIMOTHY J. ST. GEORGE
804.697.1254 telephone
804.698.1300 facsimile
tim.stgeorge@troutmansanders.com

**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
1001 Haxall Point
Richmond, VA 23219
804.697.1200 telephone
troutmansanders.com

July 25, 2016

**BY EMAIL**
Kristi C. Kelly, Esq.
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030

      RE:    *James Williams, et al. v. CoreLogic SafeRent, Inc.*
                 Case No. 8:16cv0058

Dear Kristi:

      Thank you for taking the time to meet and confer on your issues with regard to CoreLogic SafeRent, LLC's ("SafeRent") discovery responses. SafeRent's responses to the issues raised during the meet and confer session are set forth below.

      As an initial matter, you stated that Request for Admission Nos. 12-18, which SafeRent previously denied, as well as Interrogatory Nos. 8 and 16; and Request for Production No. 10, would be resolved if SafeRent would stipulate to the ascertainability and numerosity of the "File Disclosure Class," which seeks a class of any instance where SafeRent provided a file disclosure that listed the trade name "Crimcheck America."

      SafeRent continues to deny that Plaintiffs – or the putative class as currently defined – have standing to assert such a claim or that the facts alleged even state a violation of the FCRA. However, if Plaintiff will withdraw Request for Admission Nos. 12-18; Interrogatory Nos. 8 and 16; and Request for Production No. 10, and to further agree not to seek discovery as to the "file disclosure" database sought through these Requests, SafeRent would be willing to stipulate that the number of consumers who received a file request response where "Crimcheck America" appears in a heading is so numerous that joinder of all members is impracticable. SafeRent is analyzing its records to determine its ability to identify the individuals who received such file request responses during the timeframe applicable in Plaintiff's putative class definition. SafeRent expressly reserves all other defenses against class certification.

      **Plaintiffs' Requests for Admission**

      SafeRent also denied Request for Admission Nos. 19-25. As explained, SafeRent is unaware of instances where it "reported the same criminal conviction more than once," as stated within the Requests. Therefore, there is nothing further to compel in this regard.

July 25, 2016
Page 2

**Plaintiffs' Requests for Production**

Request for Production No. 7 seeks communications between SafeRent and the FTC, NAPBS, or any other governmental or professional organization regarding the specific claims in this case. SafeRent stands on its objections, as any such documents would be irrelevant to any claim in this case, including under the holding of *Safeco v. Burr*.

Request for Production No. 10 seeks the production of all file disclosures that contain the "Crimcheck America" trade name. SafeRent objected to this Request, including on the basis that it is overly broad and unduly burdensome, and that it seeks disclosure of confidential consumer information. SafeRent has already produced the file disclosures for the named plaintiffs in this action. Subject to and without waiving all stated objections, including these, this request is addressed above.

Request for Production Nos. 13 and 14 seek the production of a sample of the database containing the tenant screening reports transmitted during the class period that reflect the class members in the "Misreported Name Class" and the "Multiple Entries Class." As discussed, these classes are not ascertainable for multiple reasons independent from any analysis of the database. SafeRent cannot respond to requests that require it to identify supposed members of inascertainable classes. Moreover, as noted in SafeRent's objections, attempting to respond to these requests would unnecessarily expose confidential consumer information, and impose an undue burden on SafeRent. The burden and expense involved with responding to these requests outweigh any benefit to be derived therefrom. CITE TO RULE

With respect to the "Multiple Entries Class," you stated that the class could be ascertained by reference to instances in the database where the "Internal Record Key" reflected an identical number across multiple records within a report. However, as reflected on the previously-produced Excel file, Plaintiff Hernandez would not be a member of that class. *See* Bates No. SR000085. Therefore, because the asserted predicate for seeking the production of a database sample for the "Multiple Entries Class" is not applicable to Plaintiff Hernandez – the proposed class representative – SafeRent stands on its objections.

Likewise, with respect to the "Misreported Name Class," the production of a database sample will not resolve issues of ascertainability. As "accuracy" is a threshold element of any 1681e(b) claim, a determination as to whether a name is "misreported" on a SafeRent report would require the individual consumer to establish that the name on the report is inaccurate, followed by a manual review of the corresponding public records to determine if the name on the SafeRent report appears on those records. Production of a database sample will not further these inquiries. SafeRent stands on its objections.

Request for Production No. 16 seeks copies of all contracts maintained by SafeRent with the entities providing public record information during the alleged class period. SafeRent already produced that contract with respect to the claims asserted by Plaintiff Williams. SafeRent also explained it had no such contracts to produce with respect to the claims of Plaintiff

Hernandez.  SafeRent objects to the request to produce additional contracts, which are unrelated to Plaintiffs' claims, and which are confidential and proprietary to SafeRent.

Request for Production No. 18 seeks the production of insurance policies that could be used to satisfy any judgment in this matter, as well as any related reservation of rights letters from insurers.  As explained, in light of applicable insurance retentions, SafeRent has no policy that would satisfy any likely judgment with respect to the individual claims asserted by Plaintiffs.  SafeRent objects to the production of any insurance information based on the *putative* class action posture of this case.  SafeRent's insurance information remains irrelevant at this juncture, and it is also highly confidential.

In response to Request for Production No. 19, Plaintiffs seek a "stipulation" of SafeRent's net worth.  SafeRent stands on its objections prior to any finding of willfulness by the trier of fact.

Request for Production No. 20 seeks SafeRent's policies and procedures regarding "document retention."  That information is not relevant to any issue in this case, including because there is no present dispute over retention.  SafeRent stands on its objections.

**Plaintiffs' Interrogatories**

Interrogatory No. 8 seeks the "number of consumer disclosures you have furnished with the heading 'Report by Crimcheck America' since January 1, 2011."  This interrogatory is addressed above.

Interrogatory No. 11 seeks a stipulation of SafeRent's net worth.  For the reasons stated above, SafeRent stands on its objections.

Interrogatory Nos. 12, 16-18 are contention interrogatories.  As we discussed, you understand SafeRent's position, but you stated that Plaintiffs were looking for confirmation that SafeRent had not "deleted" records of its consumer file disclosure requests and tenant screening reports during the alleged class period.  In response, SafeRent can confirm that it established a litigation hold in connection with the filing of this action.

With respect to SafeRent's response to Interrogatory No. 14, Plaintiffs seek the last known contact information for Stacy Benton.  Her last known address is: 4351 Alabama Street, Apt. F, San Diego, California 92104.  I have also confirmed that she can be contacted by Plaintiffs' counsel.

In response to Interrogatory Nos. 20 and 21, Plaintiffs clarified that they were seeking the identification of the entity that literally provided the criminal record information to SafeRent.  The Texas governmental agencies that provided the information for each of the two items listed on the report of Plaintiff Hernandez were already identified in response to Interrogatory No. 0001.  They are the Texas Department of Public Safety for Item No. 0001 and the Texas

Department of Criminal Justice for Item No. 0002.  Likewise, the contract for the entity that supplied the sex offender record to SafeRent that appeared on Plaintiff Williams's report (Court Ventures, Inc.) was previously produced in discovery.

Please let m know if you have any questions or wish to discuss further.

Sincerely,

/s/

Timothy J. St. George

cc: All counsel of record (*by email*)