**Subject:** RE: Williams v SafeRent [IWOV-iManage.FID519]
**Date:** Thursday, August 18, 2016 at 10:00:43 AM Eastern Daylight Time
**From:** Kristi Cahoon Kelly
**To:** Raether, Ronald I., John Albanese, St. George, Timothy J., Reza, Syed Mohsin
**CC:** E. Michelle Drake, Andrew Guzzo

Ron,

We understand your position, but as you are aware we have moved to compel the database because it is our understanding that this route would be the least burdensome for your client. It is our estimation the upload would take less than a day. We would agree to whatever heightened PO would be necessary to assure your client its "secret sauce" is safe from disclosure to others.

We are still open to pursuing a sample if you would like to propose one. I don't foresee how the Judge would preclude us from having the evidence necessary to prosecute our class claims, so it may be best for both parties to try again to come together on a sample. We are open to a sample that you may propose. Please let us know what will work for you. So far, you have only said our proposals are not acceptable, so we would like to know what your client would agree to.

Can you provide us with the number of class members in the g-class? Once we hear about your position regarding a stipulation to ascertainability, we will let you know our position on whether we can resolve that discovery issue pending a ruling on class certification.

Thanks,
Kristi

**From:** Raether, Ronald I. [mailto:Ronald.Raether@troutmansanders.com]
**Sent:** Thursday, August 11, 2016 9:52 PM
**To:** John Albanese <jalbanese@bm.net>; St. George, Timothy J. <Timothy.St.George@troutmansanders.com>; Reza, Syed Mohsin <mohsin.reza@troutmansanders.com>
**Cc:** E. Michelle Drake <emdrake@bm.net>; Andrew Guzzo <aguzzo@kellyandcrandall.com>; Kristi Cahoon Kelly <kkelly@kellyandcrandall.com>
**Subject:** RE: Williams v SafeRent [IWOV-iManage.FID519]

John,

Thank you for the proposal.  However, we cannot agree to the exportation of the entirety of three separate databases, which would comprise essentially all of the intellectual property of SafeRent and raise substantial privacy concerns, as well as place substantial burdens on SafeRent.  Indeed this "compromise" exceeds even what was demanded in the Requests for Production.  We also believe that the request is overbroad and

would include untold numbers of consumers that would not be a part of the proposed Section 1681e(b) classes.  For that reason, we also cannot agree to simply provide a "sample" along the lines requested (as mentioned by Kristi yesterday), as it too would constitute an overbroad return of search results that is not tethered to the narrow and technical Section 1681e(b) claims.  Indeed, our aim in providing the files detailing the structure of the databases for Plaintiff Hernandez was to avoid such an all-inclusive request, and help us reach a compromise as suggested by the Court.

For that reason, Plaintiffs will likely need to move to compel on this issue.  In the interim, we will continue to see if we can reach some compromise.

Moreover, we cannot agree to provide the "algorithms" that have been requested.  Those are highly confidential to SafeRent, and they are not relevant to ascertaining Plaintiffs' putative classes.  Indeed, combined with the requests for all databases, this request does nothing more than ask for all the data and code to create a replica of the SafeRent application.  Creating such risk to SafeRent's "secret sauce" can in no way be proportional to the need.

Finally, as requested by Plaintiffs, we previously agreed to stipulate to numerosity with respect to the Section 1681g(a) class claim as pled in the Complaint under the terms of my July 25 letter.  We are continuing to determine if a stipulation as to ascertainability in that regard is possible as well, at which point Plaintiffs represented they would withdraw the remaining Section 1681g(a) class discovery.  The stipulations requested in your letter are far broader than previously discussed by the parties and not agreeable.  We will report back shortly on the ascertainability issue as to Section 1681g(a) class definition stated in the Complaint.

Ron

---

**From:** John Albanese [mailto:jalbanese@bm.net]
**Sent:** Wednesday, August 10, 2016 10:00 AM
**To:** St. George, Timothy J.; Raether, Ronald I.; Reza, Syed Mohsin
**Cc:** E. Michelle Drake; Andrew Guzzo; Kristi Cahoon Kelly; Williams v CoreLogic _ _16047_00_ E_Mails
**Subject:** Williams v SafeRent [IWOV-iManage.FID519]

Tim and Ron,

Pursuant to our call yesterday, please see the attached.

John

---

John Albanese
**Berger&Montague,P.C.**
43 SE Main Street
Suite 505
Minneapolis, MN 55414
direct: 612.594.5997
Fax: 612.584.4470
jalbanese@bm.net
bergermontague.com

Twitter | LinkedIn | Facebook
Signup for our e-newsletter

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.