**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| **JAMES L. WILLIAMS,** *et al.* )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**CORELOGIC RENTAL PROPERTY** )<br>**SOLUTIONS, LLC,** )<br>)<br>**Defendant.** ) | Civil Action 8:16-cv-00058 |

**CONSENT ORDER**

CAME NOW, Plaintiffs, James L. Williams and Hector Hernandez ("Plaintiffs"), upon their Motion to Compel the production of certain databases of information from Defendant, CoreLogic Rental Property Solutions, LLC ("RPS"). (*See* Dkt. No. 74.)

WHEREAS, pursuant to further meet and confer efforts encouraged by the Court, the parties have reached agreement on the scope of database discovery that should be permitted in this action;

UPON CONSIDERATION WHEREOF, for good cause shown, and through the agreement of the Parties, it is hereby, ORDERED, ADJUDGED, and DECREED that:

1.  RPS shall produce to Plaintiffs a six-month sample of requests by leasing agents for tenant screening reports from the "Inputs database" in a format to be agreed by the parties. That six-month sample period shall be selected by Plaintiffs' counsel with respect to such requests during the applicable class period.

2.  With respect to the requests identified in Paragraph No. 1, RPS shall produce to Plaintiffs the corresponding six-month sample of records from the "Results Returned database" in a format to be agreed by the parties.

3. Subsequent to the production of the sample of data set forth in Paragraph Nos. 1 and 2, Plaintiffs will be entitled to request production of discrete, corresponding records from the "Multistate database" if necessary to further evaluate the information provided in Paragraphs Nos. 1 and 2. The parties agree to cooperatively discuss the best way to accomplish this task if and when it becomes necessary, with Plaintiffs reserving their right to compel further production in this regard, and with RPS reserving its rights to object to the scope of the requests on the basis of reasonableness/proportionality if the parties cannot reach agreement.

4. RPS stipulates that it will not oppose any motion for class certification in this action on the basis that the data produced under Paragraph Nos. 1-3 is not representative of the larger sets of data contained in the Inputs database; Results Returned database; and Multistate database within the alleged class period.

5. To resolve the requested production of the "File Disclosure" database implicated by Plaintiffs' claims under 15 U.S.C. § 1681g(a)(2), RPS further stipulates as follows:

   A. From the period of March 24, 2014, to the present, RPS can identify from its business records the name and address that was provided by the consumer at the time that a consumer made a file disclosure request to RPS, and where the consumer file disclosure provided by RPS to the consumer contained the phrase "Search Report by Crimcheck America" in the header of a "MultiState Criminal," "Statewide Criminal," and/or "Multistate Sex Offender" report.

   B. From the period of March 24, 2014, to the present, RPS furnished at least 100 consumer file disclosures where the phrase "Search Report by Crimcheck America" appeared in the header of a "MultiState Criminal," "Statewide Criminal," and/or "Multistate Sex Offender" report.

RPS agrees to provide Plaintiffs with the specific number of file disclosure requests meeting the substance of Paragraph 5(B). RPS further agrees to produce a representative sample of 300 of file disclosures to Plaintiffs' counsel for review (with the personally identifying information of the requesting consumer redacted), except that the criminal record section of the report shall not be redacted. That sample shall be selected by Plaintiffs' counsel with respect to such file

disclosure responses during the applicable class period.  RPS stipulates that it will not oppose any motion for class certification in this action on the basis that the data produced under Paragraph No. 5 is not representative of RPS's file disclosure responses during the class period.

6. The parties will work together in good faith to develop a supplemental Data Security Protocol to comprehensively address the delivery, access, and storage of the data produced by RPS under the terms of this Order, which shall be tendered to and entered by the Court prior to the production of the data by RPS.

7. The Plaintiffs withdraw their motion without prejudice as to their request to compel the Defendant's "matching" and "de-duplication" algorithms, as demanded by Plaintiffs in their Motion to Compel.

8. Apart from the issues resolved herein, the substance of the Motion to Compel shall be resolved by further order of the Court.

The Clerk is directed to send a copy of this Order to all counsel of record.

_____
Hon. Paula Xinis
United States District Judge

Greenbelt, Maryland
Date: October \_\_, 2016

**JAMES L. WILLIAMS and
HECTOR HENANDEZ**


/s/ Kristi Cahoon Kelly_____
Kristi Cahoon Kelly, Esq.
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
Telephone: (703) 424-7576
Facsimile: (703) 591-0167
Email: kkelly@kellyandccrandall.com

E. Michelle Drake (MN Bar No.0387366)*
John G. Albanese (MN Bar No.0395882)*
Berger & Montague, PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 594-5999
emdrake@bm.net
jalbanese@bm.net

**CORELOGIC RENTAL
PROPERTY SOLUTIONS, LLC**


By:<u>/s/ S. Mohsin Reza</u>
S. Mohsin Reza (Bar No. 19015)
mohsin.reza@troutmansanders.com
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22182
Telephone:  (703) 734-4334
Facsimile:  (703) 734-4340

Ronald I. Raether, Jr.*
TROUTMAN SANDERS LLP
5 Park Plaza Ste 1400
Irvine, CA 92614
Telephone: (949) 622-2722
Facsimile: (949) 622-2739
ronald.raether@troutmansanders.com

Timothy J. St. George (*pro hac vice*)
tim.stgeorge@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone:  (804) 697-1254
Facsimile:  (804) 698-1300