

KRISTI C. KELLY*
*LICENSED IN VA, DC AND MD

CAMILLE A. CRANDALL
ANDREW J. GUZZO

January 17, 2017

The Hon. Paula Xinis
United States District Judge
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Dear Judge Xinis:

Plaintiffs request a Pre-Motion Conference to address various issues with discovery. Despite a meet and confer and various follow ups, the parties have been unable to resolve these issues.

I.   **Requests for Production.**

As the Court is aware, this is a class action under the Fair Credit Reporting Act ("FCRA") that alleges that Defendant systematically violated a number of FCRA provisions in preparing inaccurate criminal and sex offender background checks on Plaintiffs, providing confusing consumer disclosures that identify a non-existent entity as the source of the information in the reports, and failing to reasonably reinvestigate Plaintiff Hernandez's dispute. The parties have reached an impasse regarding three of Plaintiffs' requests for production.

First, Plaintiffs have requested that Defendant produce "All consumer disputes since March 24, 2014 where the consumer disputed that a criminal or sex offender record was properly attributed to the consumer." These dispute records are relevant to Plaintiffs' claim that Defendant failed to "follow reasonable procedures to assure maximum possible accuracy" in violation of 15 U.S.C. § 1681e(b) in wrongly attributing criminal and sex offender records in Plaintiffs' and class members' reports. The disputes are also relevant to whether Defendant willfully violated the Fair Credit Reporting Act as defined set forth in 15 U.S.C. § 1681n. Defendant's counsel has indicated that Defendant has a code for disputes where a consumer has claimed that a record does not belong to the consumer, but Defendant is unwilling to produce the dispute records. Defendant has also requested that it be allowed to redact personally identifying information from the records. Given that the claim in this case revolves around Defendant's matching procedures, the personally identifying information in the disputes is relevant.

Similarly, Plaintiffs have requested that Defendant produced dispute records relating to Plaintiffs' claim under 15 U.S.C. § 1681g which requires that consumer reporting agencies "clearly and accurately" the sources of information in its consumer reports. Defendant does not have a code for disputes relating to sources of information so Plaintiffs have proposed some limited search terms. As with the other disputes, the personally identifying information is potentially relevant to determine the nature of the dispute, and therefore the disputes should be produced unreacted.

Lastly, Plaintiffs have requested any legal advice that Defendant's relied on in developing their procedures for complying with the FCRA's reinvestigation requirement, 15 § 1681i that were in effect at the time of Plaintiff Hernandez's dispute. Legal advice is relevant to Defendant's state of mind. Defendant has asserted attorney-client privilege but has thus far refused to produce a privilege log. As the Court is aware from its prior order (ECF No. 79), Defendant has inappropriately asserted privilege over non-privileged documents in this litigation. Defendant should be required to produce a privilege log so that Plaintiffs can evaluate any claims of privilege.

## II. Deposition issues.

Plaintiffs have noticed four Rule 30(b)(1) depositions of Defendant's employees that are scheduled for the last week in January and the first week of February. Pursuant to the discovery order in this case (ECF No. 10-1), those depositions are limited to four hours. Earlier in the litigation, Plaintiffs had previously issued a Rule 30(b)(6) notice but have since withdrawn it pending review of Defendant's additional documents, data, and testimony of the Rule 30(b)(1) witnesses. Plaintiffs intend to issue a new Rule 30(b)(6) notice expeditiously after their review is complete. Defendant, however, continues to designate the 30(b)(1) witnesses on the Rule 30(b)(6) topics that have been withdrawn by Plaintiffs, and has indicated that it will not be producing witnesses twice in this litigation. Plaintiffs believe that Defendant's position is unduly prejudicial to Plaintiffs and would appreciate the Court's guidance on this issue.

Respectfully submitted,

____/s/ Kristi C. Kelly_____