IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES L. WILLIAMS, et al, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PX 16-00058 |
| CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC, | * | |
| | * | |
| Defendant. | | |

******

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND DIRECTING NOTICE TO CLASS**

WHEREAS, the Court has been advised that the Parties to this action, James L. Williams and Hector Hernandez ("Plaintiffs"), on behalf of themselves and as representatives of the Settlement Class Members, and CoreLogic SafeRent, LLC ("Defendant"), through their respective Counsel, have agreed, subject to Court approval after notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit (the "Litigation") upon the terms and conditions set forth in the Class Action Settlement Agreement and Release (the "Settlement Agreement").  The Settlement Agreement has been filed with the Court and the definitions set forth in the Settlement Agreement are incorporated by reference herein.

Based upon the Settlement Agreement and all of the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed Settlement is fair, reasonable, and adequate.  A Final Fairness Hearing will be held on March 5, 2018 at 2:00 PM, after notice to the proposed Settlement Class Members, to confirm that the proposed Settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in the Litigation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Litigation and over all settling Parties hereto.

2. Upon preliminary review of the Settlement Agreement entered between the parties as of August 29, 2017, ECF No. 103-3, the Settlement Agreement appears to be fair, reasonable, and adequate to the File Disclosure Settlement Class.  Accordingly, the proposed settlement is preliminarily approved, pending a Final Fairness Hearing, as provided for herein.

3. **Settlement Class**: Pursuant to Fed. R. Civ. P. 23(b)(3), the matter is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Class of Plaintiffs (the "File Disclosure Settlement Class"):

    All persons residing in the United States of America (including its territories and Puerto Rico) who, from March 24, 2014 through October 5, 2017, made a request pursuant to Section 609(a) of the FCRA [15 U.S.C. § 1681g(a)] for a copy of their consumer files and received a response containing at least one criminal record in their files, and whose file disclosures also contained one or more of the following phrases: "Statewide Criminal Search Report by Crimcheck America," "Multistate Criminal Search Report by Crimcheck America," or "Sex Offender Search Report by Crimcheck America."

    The File Disclosure Settlement Class does not include Defendant's officers, directors, and employees; Defendant's attorneys, Named Plaintiffs' attorneys; any Judge overseeing or considering the approval of the Settlement together with members of their immediate family and any judicial staff.

    The Parties estimate there are 2,264 members of the File Disclosure Settlement Class.

4. **<u>Class Representative Appointments</u>**: Pursuant to Fed. R. Civ. P. 23, the Court certifies James L. Williams and Hector D. Hernandez as the class representatives for the Settlement Class.

5. **<u>Class Counsel</u>**: Having considered the work that Class Counsel has done in investigating potential claims in this action, counsel's experience in handling class actions and other complex litigation, counsel's experience in handling claims of the type asserted in this action, and the resources counsel will commit to representing the class, the following attorneys are preliminarily appointed as class counsel under Fed. R. Civ. P. 23(g)(1): Kristi Kelly and Andrew Guzzo of Kelly & Crandall, PLC, and E. Michelle Drake and John Albanese of Berger & Motague as counsel for the Class ("Class Counsel").

6. **<u>Preliminary Certification of the Class</u>**: The Court preliminarily finds, for settlement purposes only, that the requirements of Fed. R. Civ. P. 23(a) have been preliminarily satisfied in that:

    a. The File Disclosure Settlement Class Members are so numerous that joinder of all of them in the lawsuit is impracticable;

    b. There are questions of law and fact common to all members of the File Disclosure Settlement Class Members;

    c. The claims of the Named Plaintiffs are typical of those of the other members of the File Disclosure Settlement Class; and

    d. The Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of the File Disclosure Settlement Class Members;

7. For settlement purposes only, the Court finds that this action is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because: (1) a class action is a fair and efficient adjudication of this controversy; and (2) questions of fact and law common to the members of the File Disclosure Settlement Class predominate over any questions affecting only individual members.

8. **Class Action Administration**: American Legal Claims Services, LLC is approved as the Class Administrator (the "Settlement Administrator"). The Settlement Administrator shall oversee the administration of the settlement and notification to proposed Settlement Class Members as directed in the Settlement Agreement. Notice and Administration Expenses shall be paid in accordance with the Settlement Agreement.

9. **Class Notice**: The Court approves the form and content of the Class Notice attached at ECF No. 103-3 as Exhibit D to the Settlement Agreement ("Notice Plan"). The proposed form and method for notifying the File Disclosure Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The proposed notice constitutes the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice. The Court finds that the proposed notice concisely and clearly states in plain, easily understood language the nature of the action; the definition of the class certified; the class claim, issues, and

defenses; that a class member may enter an appearance through counsel if the member so desires; that the Court will exclude from the class any member entitled to exclude him or herself who requests exclusion; the time and manner of requesting exclusion, if applicable; and the binding effect of a class judgment on class members. The Notice Plan is designed for notice to reach a significant number of class members and is otherwise proper under Rule 23.

Based on the foregoing, the Court hereby approves the Notice Plan developed by the parties and directs the plan be implemented according to the Settlement Agreement. The Court finds that the Notice Plan directs notice in a reasonable manner under Rule 23(e)(1) and satisfies due process.

   a. On or before November 3, 2017, Defendant shall provide a Class List of the File Disclosure Settlement Class Members to the Settlement Administrator, who shall send the agreed upon Notices to the File Disclosure Settlement Class Members in accordance with the Notice Plan set forth in the Settlement agreement.

   b. No later than February 5, 2018, the Settlement Administrator will cause a declaration to be filed with the Court that the Notice described above was given as required.

10. **Exclusions from the Settlement Class**: File Disclosure Settlement Class Members shall be given the opportunity to opt out of the File Disclosure Settlement Class. All requests for exclusion must be submitted to the Settlement Administrator, postmarked on or before the date specified in the Class Notice, which shall be no later than January 5, 2018. A File Disclosure Class Member who submits a request for

exclusion using the procedure identified above shall be excluded from the class for any and all purposes. A Class Member who does not timely file a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.

No later than February 5, 2018, the Settlement Administrator shall prepare a declaration listing all of the valid opt-outs received and shall provide the declaration and list to Class Counsel, who will then report the names appearing on this list to the Court before the Final Fairness Hearing.

11. **Objections**: Any Class Member who has not previously opted-out in accordance with the terms above and who intends to object to this Settlement Agreement must file the objection in writing with the Clerk of Court no later than sixty (60) days after mailing of the File Disclosure Settlement Class Notice, and must concurrently serve the objection on the Settlement Administrator.

All objections must include: (i) the name of this action; (ii) the File Disclosure Settlement Class Member's full name, address, and current telephone number; (iii) a sentence confirming that he or she is a Class Member; (iv) if the individual is represented by counsel, the name and telephone number of their counsel; (v) all objections and the basis for any such objections, stated with specificity; (vi) the identity of any witnesses the objector may call to testify; (vii) a listing of all exhibits the objector intends to introduce into evidence at the Final Fairness Hearing, if any, as well as true and correct copies of such exhibit; and (viii) a statement of whether the

objector intends to appear at the Final Fairness Hearing, either with or without counsel.

Any File Disclosure Settlement Class Member who fails to timely file and serve a written objection pursuant to the terms of this paragraph shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

12. File Disclosure Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard regarding their objection are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness hearing.

13. No later than February 19, 2018, Class Counsel shall prepare and file with the Court, and serve on Defendant's counsel, a list of all persons who have timely objected to the settlement and all documents relating to the objections.

14. All briefs, memoranda, petitions, and affidavits to be filed in support of final approval of the settlement shall be filed no later than February 19, 2018.

15. All briefs, memoranda, petitions, and affidavits to be filed in support for an individual award to the Class Representatives and for an award of attorney's fees and expenses shall be filed not later than February 19, 2018.

16. **Final Approval**: The Court shall conduct a Final Fairness Hearing on March 5, 2018, at 6500 Cherrywood Lane, Greenbelt, MD 20770, at 2:00 PM, to review and rule upon the following issues:

    a. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the File Disclosure Settlement Class Members and should be approved by the Court;

    b. Whether the Final Approval Order should be entered, dismissing the Litigation with prejudice and releasing the Released Claims against the Released Parties;

    c. To consider the application of Class Counsel for an award of attorney's fees, costs, and expenses, and for a service award to the Class Representatives; and

    d. To rule upon other such matters as the Court may deems appropriate.

17. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then the File Disclosure Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

18. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

Let the Clerk file this Order and notify all counsel accordingly.

IT IS SO ORDERED.

  10/5/2017                                              /S/  
Date                                                         Paula Xinis  
                                                             United States District Judge